335 So.2d 515 (1976)
Wilson BYRD, III
v.
Grady Mae BYRD.
No. 10837.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Arnold J. Gibbs, Baton Rouge, for appellant.
J. Rodney Ryan, Jr. and Joseph W. Cole, Jr., Port Allen, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER Judge.
This is a proceeding instituted by the defendant-wife and mother, Grady Mae Byrd, seeking an increase in child support. From a judgment in favor of the plaintiff *516 and dismissing the rule instituted by the defendant, this appeal has been taken.
The defendant-appellant, Grady Mae Byrd, obtained a separation from bed and board from her husband in June, 1968. She was granted the permanent care, custody and control of a minor child born of the marriage as well as $75.00 per month as child support. In October, 1975, the plaintiff, husband, filed a suit for divorce contending that no reconciliation had taken place since the judgment of separation. He prayed that the permanent care, custody and control of the minor child be continued with the wife as well as the $75.00 per month as child support. The wife answered and reconvened seeking a divorce, the permanent care, custody and control of the minor child, an injunction prohibiting the husband from disposing of any of the community property, and an increase in the child support payments to an amount of $275.00 per month together with legal interest at the rate of 7% per annum from maturity on each payment until paid, or in the alternative from the date of judicial demand until paid, and that the husband keep in full force and effect medical and hospital coverage on the said minor child and/or be responsible for the child's medical expenses.
The record points out that the appellee-father is employed by his mother as the manager of a store, lounge, motel and cafe business owned by his mother at a salary of $300.00 per month. He lives rent free at his place of employment as well as eating his meals in the cafe when it is in operation or with his mother and/or brother. In addition, he has the use of the gasoline pump at his place of employment for the 1973 Ford Thunderbird automobile owned by him. There is no mention in the record that this car is not paid for, and thus we must assume that the appellee-father has no outstanding obligation owed on it. Mr. Byrd further testified that he owns an undivided one-half interest in 78 acres of land with his brother, and his income from this should be $300.00 to $400.00 per year. There is a small checking account owned by appellee containing approximately $100.00, as well as two or three small joint savings accounts owned with his wife. In June, 1968, when child support was originally fixed, Mr. Byrd was employed as a public school teacher earning approximately $500.00 per month. The record is completely devoid of any evidence that he could not be making more than his present salary, or any evidence relating to the monthly living expenses of the appellee.
The defendant-appellant, Mrs. Byrd, is employed as a public school teacher at a gross monthly salary of $1,063.00, from which the following is deducted: retirement, $63.41; federal tax, $181.30; state tax, $11.82; insurance, $65.67; credit union, $110.00; and association dues, $11.25, for a net monthly take home pay of $619.55.
The minor child, Kimula Yvette Byrd, for whom the child support increase is being sought, is a normal 14 year old high school student who is active in school functions and a member of the school band. The appellant-mother testified that she intended to move from her $65.00 per month living quarters into a house she was going to buy with a monthly note of $245.00. She further testified that food costs for the child was a minimum of $100.00 per month, that transportation amounted to $70.00 per month because they lived in East Baton Rouge Parish, and the child went to school in Port Allen, where she first started, and as a member of the school band and being active in other school functions, more automobile trips than normal were necessary. The mother also testified that because of the unusually small size of the child, it was difficult for her to buy clothes for Kimula on sale, and thus estimated the clothing expense at approximately $60.00 per month. Medical expenses were estimated by the mother to be approximately $30.00 per month.
*517 The trial Judge in his oral reasons for judgment was of the opinion that Mrs. Byrd was attempting to raise her child according to a standard beyond that of the father's. He concluded that the child needed more than $75.00 per month from the father but determined that in 1968 when this figure was first fixed, the father was making $500.00 per month, and at the time of trial was only making $300.00 per month. Therefore, since he was making less money than before, the Trial Judge concluded that he did not have the kind of money that the child needed and therefore maintained the child support at the amount of $75.00 per month.
As a general rule much discretion is left to the Trial Judge to determine the proper level of child support to be awarded, and once this has been done, his decision will not be changed on appeal unless it is shown that he has abused his discretion or was manifestly erroneous. We are of the opinion that the Trial Judge in this case has abused his discretion in not increasing the child support award.
It is the responsibility and obligation of parents to support, maintain and educate their children. LSA-C.C. art. 227. After a separation from bed and board, the parents continue to have the obligation and responsibility to support their children at the standard and level of living comparable to that which they enjoyed prior to the separation. LSA-C.C. art. 158 and Mire v. Mire, 251 So.2d 797 (La.App. 1st Cir. 1971), rehearing denied (1971). In the instant proceeding, both Mr. and Mrs. Byrd were school teachers prior to the separation, and Mr. Byrd was earning $500.00 per month. Mr. Byrd testified that he resigned as a school teacher to go to work for his mother, and was only earning $300.00 per month at the time of the trial, but there is no evidence that he has any appreciable living expenses to be taken care of out of his salary.
We are convinced that the cost of supporting this 14 year old child has increased since child support was originally fixed in 1968, and that it costs more to maintain and educate a 14 year old young lady in high school today than it would at the elementary or junior high school level in 1968. The mother is meeting her share of parental responsibility, if not more than her share, in her contributions to the child's support. We are, however, not convinced that it would take as much as the mother is seeking, $275.00 per month, but we do feel that an increase of $50.00 per month effective from the date that the answer and reconventional demand was filed by the appellant-mother, is justified.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and it is ordered, adjudged and decreed that there be judgment herein in favor of the defendant and plaintiff in reconvention, Grady Mae Byrd, and against the plaintiff and defendant in reconvention, Wilson Byrd, III, increasing the child support payments from $75.00 per month to $125.00 per month, effective November 18, 1975, the date that the answer and reconventional demand was filed. All costs of this appeal are to be paid by plaintiff-appellee.
REVERSED AND RENDERED.