BOUTALL, Judge.
After divorce and remarriage of both parties, the mother of the minor child of the marriage, Robert Marc deBoisblanc, brought a rule against her former husband for child support. The trial court awarded child support in the sum of $400.00 per month and further decreed that the father “is to pay all medical and dental expenses for the said minor and further that the said medical and dental expenses are to be arranged and handled by the defendant in New Orleans, Louisiana, with the exception of sudden emergency medical aid which might become necessary, for the said minor.” The mother appeals contending the amount of child support is too low and that the payment of medical expenses, etc. should be by a specified sum, rather than as set out in the trial court judgment.
The record shows that the net income of the father is some $44,000 per year, and on this basis, it would appear that he could afford to pay more child support than is fixed by the court. However, upon close examination of the expenses of child support urged by the mother, we are convinced that the amount awarded is within the discretion of the trial court. In the exercise of his discretion the trial court may have also considered that the mother is an attorney at law who gave up a position paying over $15,000 per year a little over a month before the rule was tried. It appears that she too can contribute to her child’s support. We do not find the amount of child support to be inadequate.
However, it is necessary to amend that portion of the judgment relative to medical and dental expenses. Ordinarily, the parent having custody has the authority to control the affairs and lifestyle of the child as a natural tutor or tutrix. R.C.C. Art. 157. The judgment provisions, that all medical and dental expenses with the exception of sudden emergency medical aid are to be arranged and handled by the father in New Orleans (the child is living with his mother in Ocala, Florida) infringe upon the sphere of parental authority. Unquestionably, the trial judge was attracted *575 to such an arrangement by the fact that the father is a prominent dentist in New Orleans, who because of his profession, is able to determine which practitioners are capable of better treating the child and has the possibility of reduced fees for such services. The trial judge in his oral reasons for judgment stated the following:
“I prefer it to be if it is an emergency type medical thing that you have to have the child treated then very obviously whatever bills are reasonably incurred should be forwarded to him to take care of. On the orthodontist matter let’s use the good professional judgment that is already built into the family and let Dr. deBoisblanc make the choice of whom the child should receive such attention from and let him make the financial arrangements necessary to give this service. If he can get it for nothing, so much the better for him. And I so rule. * * * ”
The court’s main concern in a case such as this is the best welfare and interest of the child. We can perceive that arrangements for routine dental treatment, not on an emergency basis, may perhaps be better afforded to this child by his father or through his father’s arrangements, because his father is a dentist, and he too has the child’s welfare at heart. However, considering the physical distance between the two households, the difficulties of communication, and the varied and myriad medical problems faced by young children, we believe it necessary to require that the mother alone have authority over medical treatment of the child. On the other hand, because of the facts stated above, we believe it to be within the trial court’s discretion to permit this particular father a reasonable opportunity to make arrangements for dental treatment.
Accordingly, IT IS ORDERED that the judgment appealed from is affirmed insofar as it provides child support at the rate of $400.00 per month plus all medical and dental expenses, and it is amended to provide that the mother shall have control and authority over all medical and dental treatment except that she shall provide reasonable opportunity to Dr. deRoisblanc to provide dental treatment. As thus amended, the judgment appealed from is affirmed, each party to pay one-half of the costs of this appeal.
AMENDED AND AFFIRMED.