EDWARDS, Judge.
This is an appeal by Katherine Boudoin Bergeron from a judgment in favor of Charles J. Bergeron, Jr., her ex-husband, changing the custody of two of their minor children and reducing the previous award of alimony and child support.
BACKGROUND:
Mr. and Mrs. Bergeron were divorced on November 20, 1972. The divorce judgment granted Mrs. Bergeron the custody of their five minor children, and awarded her the sum of $67.50 per week as alimony and $67.50 per week as child support.
Custody of one of the children was changed from Mrs. Bergeron to Mr. Berger-on by judgment of July 19, 1973. Mr. Ber-geron thereafter, on October 3,1973, filed a rule to reduce alimony and child support. On October 31, 1973, Mrs. Bergeron filed a rule to increase alimony and child support. After a joint hearing, judgment was rendered on November 21, 1973, reducing the combined alimony and child support to $100.00 per week; subsequently allocated on joint motion as $25.00 per week alimony and $75.00 per week child support.
PRESENT LITIGATION:
On November 16, 1976, Mrs. Bergeron filed a motion to increase child support and alimony, alleging that the living expenses of herself and the four children had greatly increased. Mr. Bergeron thereafter filed a rule to change custody of the two oldest children, both boys, ages 16 and 13; decrease child support; and terminate alimony. The two rules were heard on December 9,1976, after which judgment was rendered changing the custody of the two children from Mrs. Bergeron to Mr. Bergeron, and reducing alimony and child support to $75.00 per week.
Mrs. Bergeron has appealed contending that the trial court erred in reducing, rather than increasing, the alimony and child support. She does not contest the change of custody.
At the hearing, Mrs. Bergeron testified that current average monthly expenses for herself and the four children had increased since 1973 and currently amounted to $984.00. She did not testify concerning how much the 1973 expenses were or exactly how much her current expenses had increased beyond the 1973 amount. Mrs. Ber-geron stated that she does occasional substitute work for the parish school board. She stated that she earned $646.00 in 1975 and had earned only $66.00 in 1976 at the time of the hearing in December 1976. She also stated that Mrs. Bergeron’s mother, who resides with her and pays no rent, gives her approximately $600.00 per month, as a gratuity, to help meet monthly expenses.
In determining the amount to award for support and alimony, trial courts are allowed a great deal of discretion as these are primarily factual issues. The amount set by the trial court will not be changed on review unless the evidence shows a clear abuse of said discretion. Shanklin v. Shanklin, 339 So.2d 1262 (La.App. 1st Cir. 1976), and cases therein cited.
*1298 While the evidence in the record indicates that Mr. Bergeron might be able to pay more than $75.00 per week as alimony and child support, we do not view the trial court’s award in that amount as an abuse of discretion.
This case presents a classic illustration of the meaning of such concepts as manifest error and a trial court’s discretion.
Our review of the record suggests that the $75.00 per week amount for alimony for the wife and support of a twelve year old girl and a six year old boy is low.
But on the other hand, the prior amount was $100.00 per week for the wife, these same two youngsters, as well as two older boys (ages 16 and 13) whose custody is now changed to the father, and accordingly he is now solely responsible for their financial needs. In other words, the wife will now have to support financially only herself and two children, not four, on the $75.00 per week.
We view the record as suggesting, but not clearly showing, an increase in income to the husband since 1973, and also an increase in normal household expenses of the wife during that period. But it appears the trial judge may well have felt that these “increases” were “offset” by the fact that the wife would henceforth have only two children in her care.
Therefore, where is the manifest error? We can’t find it and under our jurisprudence it is our duty to affirm.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.