SCHOTT, Judge.
This is an appeal by the mother from a judgment which increased child support for her ten year old son from $32 to $40 per week and rearranged the visitation rights of the father. The parties have been long divorced.
Prior to the proceedings which are now before us, the parties have been operating with respect to visitation pursuant to a judgment of June 3, 1975, which set up week-end visitations for the father on a three week cycle period. In the first week end of the cycle he was allowed to visit the child from Saturday morning through Sunday afternoon, in the second week for three hours on Friday afternoon and in the third week day time on Saturday or Sunday, depending upon his schedule at work as a fireman. Additionally, he was allowed ten days with his son during vacation and various holidays, alternating from year to year. In 1974 support for the child had been set at $32 per week (in accord with voluntary support in that amount since 1968). The mother brought a rule to decrease visitation and to increase the amount of support.
In the judgment appealed from the trial judge simply amended the earlier judgment on visitation by specifying the times for visits during the three-week cycles and the times for holiday visits, and by adding one holiday to the list. He left unchanged the ten days’ visit during vacation.
In this court, the mother’s principal contentions are that she is entitled to a more substantial increase in child support and that the schedule of visitation constitutes divided custody, which is detrimental to the child’s welfare and inconsistent with the law. She also specifies error in the trial court’s exclusion of proffered expert testimony of a counselor and his failure to make the increase in child support retroactive to the date of judicial demand.
With respect to the last two specifications of error, in Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir. 1974), we held that the effective date of the reduction of alimony and child support falls within the discretion of the trial judge. Similarly, the effective date of the increase in child support awarded to appellant is within that discretion. As to the trial judge’s exclusion of the proffered expert testimony, we held in Catalanotto v. Hebert, 347 So.2d 301 (La.App. 4th Cir. 1977), that the determination of who shall testify as an expert is also a matter within the sound discretion of the trial judge. In the instant case, the expert was a graduate student employed as a counselor at the East Jefferson Mental Health Center. In refusing to accept him as an expert entitled to express opinions as to the effect of the custody arrangement on the welfare of the child, the trial judge acknowledges that he might be outstanding as a counselor but he was not a psychologist or a psychiatrist and was no more than a student who gives counseling advice. We cannot say that the trial judge abused his discretion in refusing to accept this witness as an expert.
In support of her claim for increase in the amount of child support the mother offered a schedule of expenses she incurs in the child’s behalf, and in response the father offered a schedule of expenses which he incurs. As usual, the accuracy and reliability of these figures are debatable and good arguments were made on both sides of the question. The burden of proof was on the mother to prove a change in the circumstances in order to justify an award, Ducote v. Ducote, 339 So.2d 835 (La.1976), and her evidence on this point was not persuasive. In the final analysis the modest increase given by the trial judge was entirely within his discretion and will not be disturbed by us. de Boisblanc v. de Boisblanc, 337 So.2d 573 (La.App. 4th Cir. 1976) writ denied, La., 340 So.2d 994.
The mother’s argument that the father in this case has been given excessive visitation is based on the jurisprudence which has equated excessive visitation rights with divided custody between the parents. Newson v. Newson, 176 La. 694, 146 So. 472 (1933). However, we were confronted with a similar argument in the case of Johnson v. Johnson, 357 So.2d 69 (La. *207 App., decided March 14, 1978), and we concluded there as we do now that this particular judgment on visitation was within the wide discretion afforded to the trial judge in fixing visitation rights. See Tarter v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966); Doherty v. Mertens, 326 So.2d 405 (La.App. 3rd Cir. 1976).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.