370 So.2d 175 (1979)
John D. REAVILL, Plaintiff-Appellee,
v.
Mary C. REAVILL, Defendant-Appellant.
No. 6931.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*176 Jules R. Ashlock, Ville Platte, for defendant-appellant.
John Saunders, Ville Platte, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
This action arose out of a rule to show cause which was filed by the plaintiff, John Reavill, to compel the defendant to comply with a 1973 judgment of divorce which provided for certain visitation rights with the plaintiff's daughter, Cynthia Reavill. The defendant subsequently filed a counter rule in which she sought to increase child support payments awarded to her in the divorce decree from $150 per month to $300 per month. The issues presented on appeal are whether the trial judge erred in only increasing child support payments by $25 per month, and in only allowing the plaintiff to see his daughter on one Sunday per month.
A judgment of divorce was entered into between the parties on July 12, 1973. The divorce decree ordered the plaintiff to provide child support to his two minor children, Cynthia Reavill and Paul Reavill, in the amount of $150 per month. The divorce decree awarded custody of these two children to the defendant; however, the plaintiff was afforded liberal visitation rights with his two children.
The evidence reveals that the plaintiff has fully complied with his obligations to provide monthly child support to the defendant. However, the plaintiff has been refused the opportunity to visit with his daughter as had been allowed him in the judgment of divorce. Consequently, on August 3, 1978, plaintiff filed a rule to show cause as to why the defendant should not be compelled to comply with those visitation rights afforded under the divorce decree as to his daughter, Cynthia Reavill.[1] The following August 9th, defendant filed a counter rule by which she sought an increase in child support payments to $300 per month. These rules were set for hearing on August 18, 1978.
The trial court, after examining the testimony of the parties involved and reviewing the evidence produced by the defendant as to Cynthia Reavill's emotional and psychological state, concluded that the original divorce decree should be modified so as to limit the plaintiff's visitation rights with his daughter. The judge found that the defendant would continue to have permanent care and custody of the minor children, and that the plaintiff's visitation with respect to his son would remain unchanged. However, the trial judge concluded that the plaintiff could only visit his daughter on the last Sunday of each month in the presence of the defendant between the hours of 2 and 4 o'clock P.M. The trial judge also ordered that the plaintiff was to pay child support in an increased amount of $175 per month beginning on November 1, 1978. From this judgment both the plaintiff and defendant now appeal.
The evidence introduced in the trial court revealed that as to plaintiff's claims for visitation rights with his daughter, that the defendant had not prevented Cynthia Reavill from visiting with the plaintiff. Rather, Cynthia Reavill herself exhibited a marked degree of reluctance to see her father. *177 A psychiatric evaluation of Cynthia Reavill[2] obtained pursuant to a court order was introduced into evidence and indicated that it would be emotionally detrimental to Cynthia for her to visit with her father when not in her mother's presence. The report recommended that paternal visits be limited to brief periods of time in her mother's home and in her mother's presence. The report[3] concluded that after several years of visits under such arrangements, it would be likely that Cynthia would begin to feel more comfortable with her father at which time the plaintiff could be allowed more liberal visitation rights. The impact of the evidence introduced is that at this time, the best interest of the child dictates that the plaintiff's visitation rights be limited.
The record further indicates that shortly after the divorce in 1973, Mr. Reavill remarried and now has two step-children as a result of the second union. Although plaintiff's income has increased by some $12,000 from 1973, it is clear that plaintiff has incurred increased obligations and responsibilities as a result of his second marriage. The record reflects that once deductions are made for the plaintiff's medical expenses and other debts, the plaintiff is left with a limited amount of money per month to support his family. The testimony would seem to indicate that Mr. Reavill's financial condition is adequate to maintain his family and to provide child support payments to the defendant in the amount of $175 per month without placing an unreasonable burden upon the plaintiff.
It is well settled that the paramount consideration in determining visitation rights following a divorce is the welfare of the child. Johnson v. Johnson, 357 So.2d 69 (La.App. 4 Cir. 1978). As such, the trial court is vested with a broad discretion in its award of visitation privileges to a parent. Spencer v. Spencer, 273 So.2d 605 (La.App. 4 Cir. 1973). One of the questions in considering an award of visitation rights is whether the emotional stability of the child will be affected. In making such determination, much discretion is afforded the trial court in its structuring of the times and conditions of visitation, and the general rule is that a decision will not be disturbed unless there has been evidence of an abuse of the trial court's discretion. Pate v. Pate, 348 So.2d 1338 (La.App. 3 Cir. 1977).
Similarly, in the determination of what constitutes the proper amount of child support, much discretion is left to the trier of fact and once a determination is made, then the trial court's decision is generally not changed on appeal unless it is shown that the judge abused his discretion or was manifestly erroneous in assigning support. Byrd v. Byrd, 335 So.2d 515 (La.App. 1 Cir. 1976); Bergeron v. Bergeron, 351 So.2d 1296 (La.App. 1 Cir. 1977). Clearly, child support judgments are subject to modification; however, the burden of proof rests upon the parent seeking an increase in child support to show that there has been a substantial change in circumstances from the time of the initial decree. Edler v. Murray, 360 So.2d 205 (La.App. 4 Cir. 1978). However, a mere change in the circumstances is not enough, for the courts have held that support should be determined not only by the need of the child but also by the ability of those who have to pay. Graval v. Graval, 355 So.2d 1057 (La.App. 4 Cir. 1978). The courts are instructed to look to the totality of circumstances involved in making a determination as to child support. In essence, the final question largely becomes one of fact. LaBalle v. LaBalle, 352 So.2d 330 (La.App. 4 Cir. 1977). Clearly the mere cost of inflation alone will not automatically warrant an increase in support since such inflation affects both parties to an equal extent. Ducote v. Ducote, 339 So.2d 835 (La.1976).
A careful review of this record reveals that the trial court committed no manifest error in making its final determination. The evidence justifies an increase *178 of only $25 per month in the child custody payments. Furthermore, the limitation of visitation rights for the plaintiff is clearly a proper decree in consideration of Cynthia Reavill's emotional state.
For the above and foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed equally against the plaintiff and defendant.
AFFIRMED.
NOTES
[1] There is no issue about plaintiff's visitation privileges with his son, Paul.
[2] Cynthia's date of birth is Feb. 4, 1966.
[3] Report of Dr. William P. Cloyd, Jr., M.D., is at page 31 et seq. of the transcript.