374 So.2d 1278 (1979)
Warren P. DUGAS, Plaintiff-Appellant,
v.
Bonnie D. DUGAS, Defendant-Appellee.
No. 7148.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1979.
*1279 Gauthier & Cedars, Ltd., Stanford B. Gauthier, II, Breaux Bridge, for plaintiff-appellant.
J. Phil Haney, New Iberia, for defendant-appellee.
Before SWIFT, STOKER and DOUCET, JJ.
DOUCET, Judge.
This is an appeal from a judgment ordering appellant to pay to appellee, his former wife, $300.00 per month for the support of their minor child. For the following reasons, we affirm.
The judgment complained of was rendered by the district court in conjunction with divorce proceedings brought by appellant. The parties were married on January 30, 1971, and one child was born of their marriage. On October 5, 1977, they were judicially separated and appellant was ordered to pay $300.00 per month pendente lite for the support of the then three year old child. On October 6, 1978, appellant initiated the present action, seeking a divorce under the provisions of LSA-R.S. 9:302, there having been a judicial separation without reconciliation for more than one year.
In his petition, appellant prayed that there be judgment in his favor, dissolving the bonds of matrimony that had theretofore existed between the parties, that he be granted reasonable visitation rights, and that he be ordered to pay the sum of $125.00 per month for the support of the child. Appellant further prayed that appellee be ordered to appear and show cause why the $300.00 per month payments, which had been ordered in the 1977 judgment, should not be reduced to $125.00 per month. A preliminary default was entered against appellee, but prior to the confirmation of the judgment, she filed an answer. That answer did not include a demand for a permanent child support award. At the same time appellee also filed a rule to make past due child support executory and a rule for contempt.
Those matters, as well as a rule for contempt, which had been filed by appellant, were heard on December 8, 1978. After trial, appellant was granted a divorce from appellee by a judgment rendered and signed on the same date. The issues of child support, custody and visitation were treated in a separate judgment also rendered on December 8, 1978 but signed on January 29, 1979. Under that judgment, the custody of the child was granted to appellee and appellant was ordered to continue making monthly child support payments of $300.00, payable in bi-weekly installments of $138.46.
This appeal relates solely to the child support award. At the outset, appellant argues that there was no cause of action for the reduction of the child support payments, since the 1977 judgment under which they were ordered was rendered ineffective by the judgment of divorce.
Generally, this court will only address issues which were first submitted to the trial court. Uniform RulesCourts of Appeal, Rule IX-A. In a case such as this, where appellee would be prejudiced if the award were now found to be invalid, we are not inclined to grant an exception and allow the issue to be argued for the first time on *1280 appeal. In any event, we believe that appellant's argument is without merit.
It is true that alimony pendente lite, both for the spouse and the children, terminates with a judgment of divorce, which renders all such prior decrees in the judgment of separation ineffective. George v. George, 347 So.2d 927 (La.App. 3rd Cir. 1977); Dubois v. Breaux, 341 So.2d 68 (La. App. 3rd Cir.1976). However, we read appellant's first reference to child support in the prayer of his petition as a request that permanent child support payments be set at $125.00 per month, an amount less than the pendente lite payments. It appears in the same paragraph and in close proximity to the requests for a judgment of divorce and one granting permanent visitation rights, and is obviously connected to them. See: Laiche v. Laiche, 231 So.2d 647 (La.App. 1st Cir.1969) and Broussard v. Menard, 316 So.2d 485 (La.App. 3rd Cir.1975). Our construction of the language of appellant's prayer is further supported by the fact that on the date that the divorce judgment was rendered, appellant occupied the district court's time by arguing the issue of the amount of child support that should be paid. Yet, having cited to this court the rule that all alimony pendente lite awards abate with a judgment of divorce, he must have been aware of the uselessness of reducing the pendente lite award at that time.
In the alternative, appellant argues that the trial court erred in holding that a change of circumstances is necessary to justify a reduction in child support payments. That argument is totally without merit. The judgment of divorce did not change appellant's obligation to support his child; it remains the same. Vanier v. Vanier, 344 So.2d 1077 (La.App. 3rd Cir.1977). To justify a reduction in his child support payments, he bears the burden of showing a change in the needs of his child or his ability to pay. Reavill v. Reavill, 370 So.2d 175 (La.App. 3rd Cir.1979); Hyams v. Hyams, 365 So.2d 527 (La.App. 3rd Cir. 1978).
Appellant nevertheless submits that the evidence presented shows a change in his financial situation which is sufficient to entitle him to a reduction, and that the trial court abused its discretion by ordering that the payments continue to be made in the amount of $300.00 per month. The most significant such change is the fact that appellant purchased a home, which substantially increased his living expenses. Although the home was co-owned by a woman with whom appellant lived until shortly before the trial, he pays the entire monthly note of $500.00.
As appellant correctly points out, the amount which he is ordered to pay in fulfillment of his obligation to support his child must be determined in light of the totality of the circumstances. Marcus v. Burnett, 282 So.2d 122 (La.1973); Cowen v. Cowen, 375 So.2d 118 (La.App. 3rd Cir. 1979). However, it must be borne in mind that appellant's primary obligation is to support, maintain and educate his child. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); LSA-C.C. Art. 227. He will not be relieved of his obligation because of an unstable financial condition which he, himself, has brought about. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976); Collins v. Collins, 359 So.2d 744 (La.App. 4th Cir.1978).
The trial judge is vested with considerable discretion in fixing the amount of child support. Such determinations will not be disturbed on appeal unless there appears to be an abuse of that discretion. Reavill v. Reavill, supra; Dupre v. May, 365 So.2d 1173 (La.App. 3rd Cir.1978). After carefully reviewing the record in light of the above principles, we believe that the determination of the trial court was correct and that there has been no abuse of discretion in this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, Warren P. Dugas.
AFFIRMED.