414 So.2d 845 (1982)
Lawrence R. DeMARCAY, Jr.
v.
Eileen Kuebel, wife of Lawrence R. DeMARCAY, Jr.
No. 12897.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Harry R. Cabral, Jr., Metairie, for plaintiff-appellee.
Emile L. Turner, Jr., Turner & Young, New Orleans, for defendant-appellant.
Before KLEES, BYRNES, and CIACCIO, JJ.
KLEES, Judge.
This is an appeal from a judgment reducing child support payments from $1,500.00 per month to $1,000.00 per month.
In April of 1979, concurrent with a separation proceeding, Lawrence T. DeMarcay, Jr., was ordered to pay $500.00 per month alimony pendente lite and $1,500.00 per month for support of his three minor children. In July of 1979 the previous judgment was reaffirmed; and in addition Mr. DeMarcay was ordered to pay school expenses, as well as medical, dental and orthodontic expenses of the children on present insurance policies and hospitalization plans.
Subsequently, a proposed settlement of the community was submitted by Mr. De-Marcay's attorney. After extensive negotiations and revisions, the settlement was agreed to. Among the items agreed to was that a divorce would be secured on the basis of mutual fault to foreclose Mrs. DeMarcay's rights to permanent alimony; second, child support would be fixed at $1,500.00 per month plus all the other items of child care previously awarded.
Soon thereafter the parties were granted a judgment of divorce based on mutual fault and the child support was set within the terms of the community property settlement agreement which was executed the same day as the divorce.
*846 Two months after this, Mr. DeMarcay, through new counsel, filed a rule to reduce the child support, asserting that the settlement of the community had changed Mrs. DeMarcay's financial condition. After a hearing, judgment was rendered in favor of the plaintiff-in-rule reducing the child support payments to $1,000.00 per month. Appellants contend that execution of the compromise settlement of the community of acquets and gains, concurrently with the judgment of divorce, child support and visitation rights, did not represent a change of circumstances which would allow the reduction of child support and that the trial court abused its discretion in reducing the child support. We agree.
Parents share the obligation of supporting, maintaining and educating their children and the degree of support is to be determined according to the need of the child and the ability of the parent who is to pay it. C.C. Art. 227 Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978).
Child support judgments are subject to modification; however, the burden of proof rests upon the parent seeking an increase in child support to show that there has been a substantial change in circumstances from the time of the initial decree. Edler v. Murray, 360 So.2d 205 (La.App. 4th Cir. 1978). This same burden rests with the parent who seeks a reduction in child support. Furthermore, the courts are instructed to look to the totality of the circumstances involved in making a determination as to child support. LaBalle v. LaBalle, 352 So.2d 330 (La.App. 4th Cir. 1978).
Just two months after the initial decree of child support the plaintiff-in-rule alleged that there was substantial change in circumstances as a result of the community property settlement which justified a reduction in child support. Although the trial court agreed, we find that the totality of the circumstances does not indicate a substantial change requiring a reduction in child support payments.
The record reveals that Mr. DeMarcay remembers meeting with his former wife in her attorney's office a few days prior to their divorce. He testified that at that meeting the parties discussed amending the suit in order to obtain a divorce based on mutual fault. He stated further that child support and child care as well as the community property settlement was also discussed at the meeting and that all of these things were explained to him by his attorney who was also present at the meeting.
Perhaps the key elements which indicate that a change in circumstances did not occur is that the plaintiff-in-rule was aware of what his wife would receive in this property settlement and despite this he admitted to testifying at the divorce that paying $1,500.00 per month in child support was acceptable to him. If $1,500.00 per month was acceptable to him at that time, then it is reasonable to conclude that, plaintiff knew what his wife would receive as a result of the property settlement which was signed after the divorce. Thus, he should not be allowed to argue that the property settlement has resulted in a change of circumstances just two months later. The only real change in circumstances shown in the record is that since the initial decree some interest had accumulated on existing mortgage loans and we find this change is not substantial. The record does not disclose any change in circumstances in the needs of the children nor was any alleged.
As we must assume the parties negotiated and contracted with one another in good faith, knowing what the terms of the settlement would be prior to the divorce, and incorporating these terms into the divorce judgment we cannot now allow plaintiff-in-rule to say there has been a material change in circumstances.
Accordingly, the judgment of the trial court on June 27, 1980, reducing the child support of the three minor children to $1,000.00 per month is hereby reversed; and the original judgment of February 28, 1980 is reinstated. Costs of this appeal to be borne by appellee.
REVERSED AND RENDERED.