503 So.2d 636 (1987)
Joseph GUILLORY
v.
Marsha Blanchard, wife of Joseph GUILLORY.
No. CA-5873.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*637 H. Craig Cabral, Cabral and Cabral, Metairie, for Joseph Guillory.
Judy Cannella Schott, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for Marsha Blanchard.
Before CIACCIO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Mrs. Marsha Matthews appeals from a judgment increasing her obligation of child support from $100.00 to $350.00 per month, urging error because there is no evidence in the record of a change in circumstances since the initial decree. We affirm.
In connection with their previous divorce, Matthews and her former husband Joseph Guillory entered into a consent judgment dated January 19, 1983. The judgment provided for joint custody. During the nine school months of the year Guillory would have physical custody of the minor child. During those nine months Matthews would pay child support to Guillory in the amount of $100.00 per month. During the three summer months, the minor child would reside with Matthews.
Mrs. Matthews subsequently remarried and had a child in 1984. On December 25, 1985 Guillory filed a rule to increase child support. Mr. and Mrs. Matthews countered with a rule to decrease child support. From a judgment granting an increase in child support to $350.00 per month, Matthews brings this appeal.
In order for there to be modification of a child support award, there must be a substantial change in circumstances of one or both of the spouses. DeMarcay v. DeMarcay, 414 So.2d 845 (La.App. 4th Cir. 1982). The one who seeks a change in child support payments has the burden of proving that a change is warranted. Id. Child support payments are to be set in proportion to the needs of the child(ren) and the circumstances of the parent(s) who shall pay the support. La.C.C. arts. 227 and 231; Ducote v. Ducote, 339 So.2d 835 (La.1976). When arriving at an appropriate figure for child support the Court "must consider the totality of all pertinent circumstances." Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983). The Trial Court has considerable discretion in setting child support, and such awards will not be disturbed on appeal unless there exists a clear abuse of discretion. Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983).
Mrs. Matthews argues that there has been no change in her circumstances to warrant an increase in child support. She states that since the initial decrees she and her new husband have had increased expenses because she gave birth to a child in 1984. Additionally, she contends that her family has had a decrease in income because Mr. Matthews' occupation is in the offshore oil industry. The record shows that although Mr. Matthews suffered a 22% decrease in income from 1983 to 1984, he had a 39% increase in income from 1984 to 1985. His projected gross income for 1986 is a 4% increase. At present his monthly net income is $1,570.80. Mrs. Matthews' monthly net income is $373.00 and their combined annual net income is $26,595.96. The record also shows that Mrs. Matthews expenses have recently decreased by $400.10 per month. That decrease is due to the fact that she no longer has a house note of $225.00, the doctor bill of $89.00 has been paid and the family health insurance of $86.10 is reimbursed by her husband's insurance company.
*638 Mrs. Matthews also argues there has been no change in the circumstances of Guillory to warrant any increase in child support. We find the change of circumstances of Guillory to be very significant. When child support of $100 per month was originally set in 1983 the child was six years old. The child is now nine years old and attending school at a tuition of $800.00 a year. Next year his tuition will increase to $900.00 a year. With the child attending school he has had additional needs and expensesGuillory pays $7.00 a month for books and $50.00 a month for school clothes. Guillory also spends $50.00 a month for entertainment and saves $50.00 a month for his son's vacation. Guillory also had to purchase bedroom furniture for his son.
Since the rendition of the initial award in this case some three years ago, the ordinary and special needs of the child have become greater. Additionally, the record clearly supports a finding that the ability of both parents to contribute to the support of their children has increased.
The Trial Judge, considering a totality of all circumstances and in the exercise of the wide discretion accorded in such cases, concluded that there should be an increase in the amount of support provided by Mrs. Matthews. Our review of the record does not disclose an abuse of that discretion.
Accordingly, for the reasons assigned the judgment appealed from is affirmed at Mrs. Matthews' cost.
AFFIRMED.
CIACCIO, J., dissents with reasons.
CIACCIO, Judge, dissenting.
I have reviewed the record in this case and it reveals the following information:
The plaintiff husband had a gross annual income in 1985 of $28,600 and in 1986 of $30,000. This income is available for the support of the plaintiff and his 9 year old son.
The defendant wife (with her new husband) had a combined gross annual income in 1985 of $31,403. This income is available for the support of the defendant, her new husband, their child and her 9 year old son (issue of the prior marriage).
Thus the incomes of the two households are virtually equal.
A review of the expense list prepared by Mr. Guillory, with regard to child support, discloses that it is greatly inflated. Certain of the expenses, such as "$50 per month for miscellaneous expenses," $50 per month for entertainment, $50 per month for vacation are unsubstantiated. The medical expenses for the child are erroneous in that the father's medical insurance covers 80% of these costs. Additionally, a disproportionate amount of such expenses as rent, utilities, telephones and gasoline are allocated as expenses of the child.
A reasonable calculation of the expenses of this nine year old child, including private school tuition, is $500 per month. I am of the opinion that under these circumstances the trial judge abused his discretion. I would allocate this amount equally between the child's father and mother, with each parent contributing $250 per month towards the support of their minor son. Accordingly, I would reduce the child support judgment assessed against the mother from $350.00 per month to $250.00 per month for the 9 months the father has custody of the child. I am of the opinion that under these circumstances the trial judge abused his discretion.