I2GOTHARD, Judge.
This is an appeal of a judgment that increased Gary Franklin Johnson’s monthly child support obligation and instituted a visitation schedule for his minor children. For the following reasons, we affirm in part, reverse in part, and amend in part.
FACTS/PROCEDURAL HISTORY
Gary Franklin Johnson and Linda Clay Johnson were married on January 5, 1973. The marriage produced two children, Aimee Lynn Johnson and Candy Ann Johnson. On June 7, 1994, Ms. Johnson filed a petition for divorce in St. Charles Parish, the parties’ last matrimonial domicile. The trial court rendered judgment on July 6, 1994, decreeing that the parties were divorced. The judgment stipulated that the parties would have joint custody of the minor children, with Ms. Johnson being designated the primary custodial parent. Mr. Johnson was granted reasonable visitation rights. In addition, the judgment required Mr. Johnson to pay ^monthly child support in the amount of $700 and to maintain medical insurance on the minor children.
On June 22,1995, Mr. Johnson filed a rule to reduce his child support obligation and to set visitation. Since the original child support award had been made, Mr. Johnson’s salary had decreased roughly by half, from $36,000 a year to $18,000. The reason for the decrease was that Mr. Johnson had quit his job with the Louisiana Air National Guard and taken a lesser paying job in Florida so that he could be near his fiancée. Ms. Johnson’s income, on the other hand, had increased since the original support award, from approximately $11,000 a year to $14,-600. She also had relocated since the divorce, moving from Louisiana to Texas.
*833 The hearing on the rule took place on September 1, 1995. Mr. Johnson argued that the decrease in his salary, combined ■with the increase in his former wife’s income, amounted to a change of circumstances sufficient to reduce his child support obligation. In opposition, Ms. Johnson asserted that the decrease in Mr. Johnson’s income was due to a voluntary decision on his part and that therefore he was not entitled to a reduction in his support obligation.
On September 29, 1995, the trial court rendered judgment in favor of Ms. Johnson, increasing Mr. Johnson’s child support obligation to $793 per month. The judgment also required that Mr. Johnson maintain a health insurance policy for the minor children. In regards to visitation, the judgment specified that Mr. Johnson will have overnight visitation with his children on alternate weekends and on the Wednesday in between. During the summer, the children will stay with Mr. Johnson, beginning one week after school ends until one week before school begins again in the fall. During this time, Ms. Johnson will have visitation on alternate weekends and on the Wednesday in between. The court further noted that pa fourteen hour drive exists between the parties’ residences, making driving impractical for weekend visits. Because of the distance between the parties’ residences, the court ordered that the children travel by plane for their visits, at Mr. Johnson’s expense. From this judgment, Mr. Johnson has appealed.
ISSUES
By various assignments of error, Mr. Johnson raises the following issues: (1) whether the court erred in determining the amount of child support owed; and (2) whether the court erred in determining the parties’ visitation rights.
DISCUSSION
Mr. Johnson initially challenges the trial court’s ruling on child support. As mentioned earlier, the court increased his monthly support obligation from $700 to $793. Mr. Johnson asserts that the trial court erred in not reducing his support obligation. In addition, he argues that, at a minimum, the court should not have increased his obligation.
The Civil Code mandates that parents owe an obligation to support, maintain and educate their children. La. C.C. art. 227. When a marriage ends in divorce, a court may order either parent to provide support for a child based on the needs of the child and the ability of each parent to provide support. La. C.C. art. 141. The granting of an award for child support is governed by statute. See La. R.S. 9:315 et seq. Either party may seek to reduce or increase a support award based on a change in circumstances between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311; La. C.C. art. 232. Furthermore, a trial court has broad discretion in determining whether to modify a support award; thus, a judgment increasing or reducing a support obligation will not be disturbed absent a finding of abuse of discretion. Vest v. Vest, 579 So.2d 1190 (La.App. 5th Cir.), writ denied, 586 So.2d 564 (La.1991).
| sThe jurisprudence establishes that only a substantial change in circumstances provides sufficient cause to modify a support award pursuant to La. R.S. 9:311. Johno v. Johno, 633 So.2d 966 (La.App. 5th Cir.1994), rehearing granted in part, denied in part (4/18/94); Guillory v. Guillory, 503 So.2d 636 (La.App. 4th Cir.1987). The burden is initially on the party seeking to modify the award. Guillory, 503 So.2d at 637. Once the moving party makes out a prima facie case to modify the award, the burden then shifts to the opposing party to disprove the change in circumstances or to prove other facts which mitigate against modification. Johno; Guillory; supra.
In the instant case, Mr. Johnson asserts that the decrease in his income since the time of the original support award, coupled with Ms. Johnson’s increase in income, amounts to a sufficient change in circumstances so as to entitle him to a reduction in his support obligation. In its reasons for judgment, the trial court stated that a change in circumstances had occurred. However, the court went on to increase Mr. Johnson’s support obligation. Thus, it is ap *834 parent that the court imputed Mr. Johnson’s salary to be the $36,000 he previously earned, rather than the $18,000 he currently earns. By adding Ms. Johnson’s increased income since the original award to Mr. Johnson’s imputed income, the court reasoned that the parties had an increase in their combined income. This, of course, is the change in circumstances referred to by the court which led to Mr. Johnson’s support obligation being increased.
The legal rationale for imputing Mr. Johnson’s income to be the previous, higher amount is that his own voluntary actions caused his income to decrease. La. R.S. 9:315.9; Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Toups v. Toups, 573 So.2d 1164 (La.App. 5th Cir.1991); Johno; supra. Mr. Johnson acknowledges that his decrease in income since the time the original support award |6was rendered is due to a voluntary decision on his part to quit his job here and move to Florida to be with his fiancée. However, Mr. Johnson argues that Louisiana law allows a party to reduce his support obligation based on a voluntary change in circumstances when the party can show that: (1) the voluntary change was reasonable and justified; (2) the party is in good faith and is not trying to avoid his support obligation; and (3) the action will not deprive the child of continued reasonable financial support. Hut-to v. Kneipp, 627 So.2d 802, 804 (La.App. 2d Cir.1993); Mosley v. Mosley, 348 So.2d 225 (La.App. 3d Cir.), writ denied, 350 So.2d 1213 (La.1977).
In Hutto, a father sought to reduce his support obligation based on a decrease in his income resulting from his resigning from one job to accept another, lower paying position. 627 So.2d at 804. In short, the Second Circuit held that the trial court had not erred in refusing to allow the father to reduce his support obligation because he had been in bad faith in changing jobs and accepting a lower income. Id. at 805. In discussing the cases dealing with a voluntary change in circumstances, the Second Circuit noted that in “virtually every case where a parent’s voluntary unemployment or underemployment was found to be in good faith, courts have recognized extenuating circumstances beyond that parent’s control which influenced and necessitated the voluntary change in employment.” Id. The court then noted that reductions in child support have generally been allowed where parents were returning to school with the hopes of increasing their salary or were attempting to start a new business. Id.; see Massingill v. Massingill, 564 So.2d 770 (La.App. 2d Cir.1990); Daigre v. Daigre, 527 So.2d 9 (La.App. 3d Cir.1988); Hendrick v. Hendrick, 470 So.2d 449 (La. App. 1st Cir.1985). The court concluded that in almost every case allowing reduction of the support ^obligation the voluntary unemployment or underemployment had been “a short term sacrifice which could lead to a long term benefit.” Hutto, 627 So.2d at 805.
In addressing eases dealing with voluntary changes of circumstances, this court has followed the bright line rule laid down by our Supreme Court in Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). See Toups; Johno; supra. In Laiche, the Supreme Court stated that “any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation.” Ill So.2d at 122. Under the foregoing rule, Mr. Johnson is clearly not entitled to a reduction in his support obligation because, as he admits, his decrease in income is due to a voluntary act on his part.
Even if we were to apply the rule stated in Hutto, supra, we would still conclude that Mr. Johnson is not entitled to a reduction. Mr. Johnson testified that he expects to obtain a higher paying job in the next year or so. This job, according to Mr. Johnson, would pay him a “very similar” salary to the one he was earning with the Louisiana Air National Guard. In other words, the sacrifice Mr. Johnson is making now by taking a pay cut will not lead to a long term benefit; rather he hopes to eventually be making a similar salary to the one he previously made. This is not a sufficient reason to allow a reduction based on a voluntary change of circumstances pursuant to La. R.S. 9:311.
Mr. Johnson further asserts that the trial court erred in not reducing his support obli *835 gation because of the increase in the cost of health insurance for his children. In addition to the amount he pays in support, Mr. Johnson also pays for the health insurance of his children. In his previous job, Mr. Johnson was able to purchase insurance through the government for $71 a month. After leaving his job, |gMr. Johnson was able to keep the same insurance.[1] However, the monthly premium increased to $275 a month.
Mr. Johnson argues that the increase in his insurance payments, coupled with the decrease in his income, should have led the trial court to reduce his support obligation. The problem with this argument is, again, the change in circumstances that Mr. Johnson relies on is of his own doing. That is, had he not quit his job in Louisiana and taken a lesser paying position in Florida, his insurance payment would still be $71 a month rather than $275 a month. Accordingly, we conclude that the trial court did not err in refusing to reduce Mr. Johnson’s support obligation based on the increase in his monthly insurance premium.
Furthermore, we find that the increase in Ms. Johnson’s income, standing alone, is not a sufficient change in circumstances so as to entitle Mr. Johnson to a reduction in his support obligation. Since the time the original support award was rendered, Ms. Johnson has had a modest increase in her income, from $11,000 a year to $14,600 a year. This is not the type of substantial change in circumstances required by the statute to entitle Mr. Johnson to a reduction in his support obligation. Accordingly, we find no error in the trial court’s refusal to reduce Mr. Johnson’s support obligation based on the increase in Ms. Johnson’s income since the time of the original award.
Based on the foregoing, we hold that the trial court did not err in denying Mr. Johnson’s rule to reduce his support obligation. As stated previously, Mr. Johnson’s reduced income is due to a voluntary decision on his part and thus is an insufficient cause for a reduction pursuant to La. R.S. 9:311. However, there ^remains a question as to whether the trial court was correct in increasing Mr. Johnson’s monthly support obligation from $700 to $798.
La. R.S. 9:311 requires the party “seeking the ... increase [to] show[ ] a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.” We interpret the foregoing language of the statute to mean that, in order to obtain an increase in support, a party must file a rule seeking such and then prove the requisite change in circumstances. Here, Mr. Johnson filed a rule to reduce his support obligation but Ms. Johnson did not file a corresponding rule to increase the children’s monthly support. Accordingly, we conclude that the trial court erred in increasing Mr. Johnson’s support obligation because the question was not properly before the court.[2]
Moreover, even had Ms. Johnson filed a rule to increase Mr. Johnson’s support obligation, we would find no grounds for doing so. Inasmuch as Mr. Johnson’s income is imputed to be the same as when the original support judgment was rendered, the only change in circumstances Ms. Johnson can show is the increase in her own income. Simply put, this is not a sufficient change in circumstances pursuant to La. R.S. 9:311 to cause Mr. Johnson’s support obligation to increase.
Based on the foregoing, we hold that the trial court erred in increasing Mr. Johnson’s support obligation to $793 a month. Accordingly, we reverse that | ipportion of the judgment and reinstate the original monthly support obligation of $700 a month.
The second issue raised by Mr. Johnson is whether the court erred in determining the parties’ visitation rights. As stated earlier, *836 the judgment granted Mr. Johnson overnight visitation with his children on alternate weekends and on the Wednesday in between. During the summer, Mr. Johnson will have the children, beginning one week after school ends until one week before it begins again in the fall. During this time, Ms. Johnson will have visitation on alternate weekends and on the Wednesday in between. The trial court further ordered that the children travel by air for their visits, at Mr. Johnson’s expense. Mr. Johnson challenges the foregoing visitation schedule, arguing that it is inequitable to the parties.
The abuse of discretion standard of review is applied in reviewing judgments regarding visitation matters. Tusson v. Price, 403 So.2d 1265 (La.App. 4th Cir.1981). Further, it is established that the sole criterion for determining visitation is the best interest of the children. Id.
Having reviewed the record, we find that the trial court abused its discretion in two particular instances in setting the visitation schedule. First, we note that the trial court granted overnight visitation on the Wednesday in between the alternate weekends. Because the parties live fourteen hours apart, necessitating that all travel be done by air, it is unrealistic to expect the children to have overnight visitation during the middle of the week. Accordingly, that portion of the judgment granting visitation on the Wednesday in between the alternate weekends is stricken.
Second, we conclude that there is no rational basis for requiring Mr. Johnson to bear all of the costs of the children’s air travel. The fact that the parties now live | nfourteen hours apart is due to the decision of each to move to another state. Thus, there is no reason to require Mr. Johnson to pay all the costs of travel. Instead, we find that it would be more equitable for the party having the visitation to pay for the travel. For example, when the children are staying with Mr. Johnson during the summer, Ms. Johnson will be liable for the costs of the children’s travel to visit her. We further find that any mode of transportation agreeable to all parties is allowed and we amend the judgment below to delete the requirement of air travel. Based on the foregoing, the judgment is hereby amended to place the cost of the children’s travel on the party enjoying the visitation.
In summary, the judgment appealed from is affirmed insofar as it denies Mr. Johnson’s rule to reduce his support obligation. It is reversed insofar as it increases Mr. Johnson’s support obligation to $793.00 and the original amount of $700.00 per month is hereby reinstated. Finally, the parties’ visitation rights are amended as described above. We further provide that the parties are free to substitute any reasonable, mutually agreeable, visitation schedule. Costs of this appeal are to be borne equally by the parties.
AMENDED & AFFIRMED IN PART; REVERSED IN PART.

. Because one of the children suffers from a preexisting condition, it was important that Mr. Johnson retain the same insurance coverage.

. This result is analogous to a situation where an appellate court refuses to grant a party relief on the grounds that the party neither answered the original appeal nor filed a cross-appeal. See W. Handlin Marine, Inc. v. Gulf States Marine, Inc., 624 So.2d 907 (La.App. 5th Cir.1993), writ denied, 93-2851 (La. 1/13/94), 631 So.2d 1166; La. C.C.P. art. 2133.