WILLIAMS, Judge.
Marianne Hamiter Williams, appellant, was divorced from her husband, Curtis William Williams, Jr., appellee, by a judgment dated March 24, 1971. In this judgment appellee was ordered to pay appellant alimony of $150 per month for her support and the additional sum of $150 per month for the support of their minor child, Marianne Williams. Appellee filed two rules in the district court; the first rule filed July 24, 1973 sought termination of alimony payments to appellant because she had become employed on a full time basis, and allegedly fully self-supporting. The second rule filed September 6, 1973 sought to terminate the payments for the support of the minor child because she had reached the age of 18 years on August 6, 1973.
The trial court held because the minor child had reached 18 years of age, such alimony payments should terminate. The court also held appellant’s income from her full time employment was sufficient for her “food, clothing and shelter” and terminated the alimony payments.
Appellant perfected an appeal and urges only the reversal of the trial court’s judgment terminating the $150 per month alimony award to her.
The transcript of evidence is limited. The original judgment in favor of appellant ordering appellee to pay her $150 per month alimony is admitted. There is no evidence or question raised as to appellee’s ability to pay. The only issue for consideration is appellant’s contention the trial court erred in terminating appellee’s alimony payments to her.
Appellant, subsequent to the original judgment in 1971, became employed on a full time basis. At the time of trial her weekly gross income was $135. After deductions for taxes and other miscellaneous items, her average net take-home pay per *917 month was $426.71. An itemized list of her monthly expenses totaling $969.85 was filed in evidence and it was stipulated she would testify as to the correctness of the list.
Appellant contends the trial court too narrowly interpreted LSA-C.C. Art. 160 which reads:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
In Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) ohr Supreme Court discussed LSA-C.C. Art. 160 and its application, stating:
“ * * * Common sense dictates that the term ‘maintenance’, while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former, wife. ...” [283 So.2d 226, 229]
Plaintiff in rule offered in evidence appellant’s pay records and questioned appellant as to three items on the list of her needs. These items totaled $185. Appellee argues the remaining items on appellant’s list of expenses are grossly exaggerated. We find no proof of this in the record.
The following discourse took place between counsel for appellee and the trial judge:
“MR. DONOVAN: Your Honor, I have no objection to stipulating to the fact that she would testify to it. I question whether or not any. of the items are relevant. As you know permanent support is limited to food, necessarys.
“THE COURT: Right.” [Tr. p. 27]
j{i }(c ífc íjí jji
“THE COURT: Well I knew that thing was going to create this type of problem when it was passed.
“I would like for you all to cite me a couple of cases with situations similar to this where the wife is working, making sufficient to pay what the Supreme Court has said the husband would have to pay, that is, food, clothing and shelter.” [Tr. p. 35]
These statements by counsel for appellee and the trial judge do not indicate awareness of the Louisiana Supreme Court’s interpretation of LSA-C.C. Art. 160 in the Bernhardt case.
Appellant has established by a preponderance of the evidence in the trial court that her needs exceed her net. income by more than $150. We find the items so listed are well within her required “maintenance” as defined in Bernhardt. It is therefore evident appellee has failed to sustain the burden of proof required of him to terminate alimony payments due by him to appellant.
For the reasons stated the judgment of the trial court is reversed and the rule filed July 24, 1973 by appellee is recalled and his suit dismissed.
Reversed and dismissed.