304 So.2d 679 (1974)
William Francis NAUGHTON, Jr.
v.
Judy Kay Koch NAUGHTON.
No. 6524.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
*680 Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for plaintiff-appellant.
James G. Derbes, Derbes & Derbes, New Orleans, for defendant-appellee.
Before REDMANN, LEMMON and STOULIG, JJ.
REDMANN, Judge.
A husband appeals from a permanent alimony award of $300 a month to a wife who has "take-home pay" of $550 a month, and from a child support award of $450 a month for two children, aged three and six. The wife answers the appeal, asking increases, expecially in child support if alimony is denied.
The award appealed from is the first award of permanent alimony to the wife. Alimony pending the divorce litigation had been fixed in 1972 at $537 monthly. At the time of the divorce and permanent alimony judgment, the wife had begun working. Although the wife prepared a statement of her monthly expenses totalling $1,786.50 (her $1,559.50 total is incorrect), her testimony that these are her expenses is unacceptable because she has never had that amount to spend (and her family has "never given me one penny"). She received total alimony and child support of $895, or $891 a month less than she asserted she spent. Exactly when she began working is not clear, but even thereafter, with $895 plus $550 earnings, she could only have spent $1,445 a month, some $340 less than she testified she spent. Evidently the wife was mistaken.
We are aware that Williams v. Williams, La.App. 2 Cir. 1974, 294 So. 2d 916, writ refused 299 So.2d 358 (La. 1974), appears to partially accept a wife's $970 list of expenses although the wife's alimony and child support totalled only $300 (and she later earned only $427 additional). Such testimony by a wife discredits itself, in the absence of a showing of extraordinary medical or other expenses on credit (which may have been present, but were not mentioned, in Williams). Williams cannot be reconciled on a theory that the alimony was in fact for child care, because the child had reached majority. We disagree with Williams's view that an assertion of $970 expenses is not proven "grossly exaggerated" (294 So.2d at 917) by a showing of only $300 income. Perhaps many spend slightly more than they earn, from time to time: but not three times earnings, and not every month.
We find no special circumstances in the wife's needs, such as unusual medical expenses. One large item is $435 a month towards purchase of a home from her father. A divorced wife's right to "support," C.C. art. 160, does not include a right to invest in whatever property she may desire. There is no suggestion that this purchase is comparable in cost to reasonable rent. We can only assume that other items, such as $200 a month for family clothes, are also mistakenly overstated. We deem the wife's $550 net earnings adequate for her support, even recognizing that "support" covers more than food, clothing and shelter; see Bernhardt v. Bernhardt, La. 1973, 283 So.2d 226 (so construing C.C. art. 160's former word "maintenance"). We therefore eliminate the alimony award.
However, of the $300 alimony allotted to the wife one express factor was $271 for "nursery school" child care while the wife worked. Reasonable child care in such circumstances is includible in expenses on which child support is based; Ogborn v. Bush, La.App.1971, 255 So.2d 199, writ refused 260 La. 412, 256 So.2d 293. The prior child support award of $358, *681 rather than the wife's alimony, should have been increased by that $271.
The trial judge's increase of child support to $450 was doubtless based on the wife's figures of overall expenses which we have rejected. But by allowing an increase for the child care, we conclude a proper amount would be $629 a month.
The judgment is reversed in its award of alimony and it is amended in its award of child support to $629 a month. Each party is to bear half the costs of this appeal.