339 So.2d 1262 (1976)
Roosevelt SHANKLIN
v.
Winetta Louise SHANKLIN.
No. 10903.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
*1263 Wollen J. Falgout, Thibodaux, for plaintiff and appellee.
C. Alan Lasseigne and Janis Lasseigne, Thibodaux, for defendant and appellant.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
Winetta Louise Shanklin, defendant-appellant, appeals from a judgment of the district court granting appellee a divorce from her on the grounds of adultery, awarding appellant custody of the two minor children, and fixing appellee's obligation of child support in the amount of $70.00 every two weeks plus the added responsibility for the children's medical and dental expenses.
Appellant contests on appeal only the issue of the amount of child support awarded, contending that the award was so inadequate as to constitute an abuse of discretion.
In this regard, we note initially the long established legal principle that, "since the award of support is primarily a factual issue, a great deal of discretion is vested in the trial judge in determining the amount that a parent should pay for the support of his children. It is for this reason that the amount set by the trial judge should not be set aside unless the evidence clearly reflects that the trier of fact abused this discretion." Favrot v. Favrot, 219 So.2d 594, 596 (La.App. 1st Cir. 1968). See also Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975); Johnson v. Johnson, 293 So.2d 213 (La.App. 3rd Cir. 1974). Jackson v. Jackson, 275 So.2d 456 (La.App. 2nd Cir. 1973).
Mrs. Shanklin itemized her expenses (which we extrapolate where necessary to monthly totals) as follows: $108.00 for the baby's formula and food; $173.00 for food for herself and the other child; and $35.00 for clothing for herself and the children. This sums to $316.00, excluding an estimated expense for rent of $110.00-$140.00. Since Mrs. Shanklin and the children were living with her mother at the time of the hearing, the trial judge, in his discretion, could have discounted this projected expense. Further, some of the itemizations (food and clothing) included expenses of appellant as well as the children. Since appellant is not entitled to alimony her own expenses are properly disregarded in determining the husband's obligation of support.
There was a similar paucity of evidence introduced as to Mr. Shanklin's financial circumstances. At the time of the hearing he had been working for Hudson Engineering Company for some two and one-half months, except for a two week period when he was on duty with the Naval Reserve. One check stub from Hudson Engineering showing a net pay for two weeks of $399.36 was introduced. He regularly makes $60.00 per month as a member of the Reserve. Mr. Shanklin testified that his living expenses totalled $425.00 per month and introduced exhibit D-2 showing monthly note payments of $557.54 and additional outstanding obligations of $991.92.
Considering the quality of evidence, or lack thereof, adduced on the issue of support for the children, we simply are unable to say that there was any abuse of discretion by the trial court in setting the award at $70.00 every two weeks.
For the above reasons, the judgment of the trial court is affirmed. Appellant proceeded in this court in forma pauperis, and therefore is liable only for those costs allowed by law.
AFFIRMED