352 So.2d 330 (1977)
Leroy E. LABALLE, III
v.
Cheryl Ann Massel, wife of Leroy E. LABALLE, III.
No. 8425.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
*331 Michael D. Cucullu, New Orleans, for plaintiff-appellant.
Graffagnino, Perez & Roberts, A. Russell Roberts, Metairie, for defendant-appellee.
Before LEMMON, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
We decline to disturb a $275.00 monthly award for support of two minor children.[1] We find no merit to the husband's contention that the trial judge erred in allowing testimony of the husband's second wife's income while prohibiting the husband from inquiring into the employment history of the divorced wife-mother of the children.
The husband claims the trial judge erred when he failed to order the production of the 1974 and 1975 income tax returns of the divorced wife. According to the husband, the income tax returns would have established the wife's ability to contribute to the support of the children. Citing LSA-C.C. arts. 227,[2] 230[3] and 231,[4] the husband points out that the wife as well as the husband has an obligation of the support of their minor children. Also relied on by the husband is the case of Marcus v. Burnett, 282 So.2d 122 (La.1973) and the case of Lebouef v. Lebouef, 325 So.2d 290 (La.App. 4th Cir. 1975) which indicate that the mother's ability to furnish support must be considered in assessing the father's obligation to make support payments.
Although it is clear that both parents have the joint responsibility for the support of their minor children and that both the mother's and the father's earnings are to be considered as well as the earnings of the respective spouses of both parents (in the event that either is remarried), nevertheless, the court, in making an award for child support, must consider the totality of the circumstances involved. See Marcus v. Burnett, supra.
In October, 1976, at the hearing on the rule, Mrs. Laballe testified that she had been unemployed for the entire year of 1976. Under the circumstances, we cannot say, in view of the wife's unemployment for a period of approximately 10 months, that the trial judge erred in excluding evidence of her prior earnings.
It is well settled that a child support award is largely a question of fact and the trial judge's determination of the amount is not to be set aside unless a clear abuse of discretion has been shown. See Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975). In the instant case, the husband testified that his gross monthly earnings were $1,300.00 to $1,400.00. His *332 net monthly earnings amounted to $1,025.00. He further stated that his present wife was earning $700.00 per month and that no children were born of this marriage.
Mrs. Laballe submitted a statement of monthly expenses totalling $566.00 in connection with support of the two children. The costs were itemized as follows: food, $200.00; clothes, $100.00; medical and dental expenses, $80.00; school tuition, $26.00; school supplies, etc., $20.00; entertainment, $40.00; and extra expenses, $100.00. Counsel stipulated that her testimony of expenses would correspond to the figures shown on the exhibit. Mrs. Laballe's sister, with whom the children had lived for approximately 21 months, testified that she had spent approximately $89.00 per month for food, utilities and shelter for each child and that on occasion she had paid other sums for their support. Mrs. Laballe's mother, with whom the wife and the children are now living, testified that she has lent money to her daughter for the children's tuition and school uniforms and supplies. The wife is presently unemployed. Though it is true that Mrs. Laballe, in response to defendant's subpoena duces tecum, did not produce records or receipts to document the expenses claimed, the trial judge did have the benefit of her testimony and that of the other witnesses regarding the cost of supporting the children. See Shanklin v. Shanklin, 339 So.2d 1262 (La. App. 1st Cir. 1976).
The evidence considered, we cannot say the $275.00 per month award for the support of two minor children, ages 7 and 10, constitutes an abuse of the trial court's discretion. The judgment is affirmed.
AFFIRMED.
NOTES
[1] The judgment also ordered the father to pay medical and dental bills and to include the children as dependents on his medical insurance policy.
[2] LSA-C.C. art. 227 provides as follows:

Art. 227. Parental support and education of children
"Art. 227. Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
[3] LSA-C.C. art. 230 provides as follows:

Art. 230. Scope of alimentary obligation
"Art. 230. By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
"It includes the education, when the person to whom the alimony is due, is a minor."
[4] LSA-C.C. art. 231 provides as follows:

Art. 231. Basis for granting alimony
"Art. 231. Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."