407 So.2d 804 (1981)
Judith Thibodaux, Wife of Robert L. BETTENCOURTT
v.
Robert Louis BETTENCOURTT.
No. 12176.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1981.
*805 Vezina & Associates, Roy J. D. Gattuso, Nel F. Vezina, Gretna, for plaintiff-appellee.
John M. Coman, Jr., New Orleans, for defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
Robert Bettencourtt (the husband) filed a rule to reduce alimony pendente lite and child support of $450.00 and $350.00 per month respectively, which he was previously ordered to pay to Judith Thibodaux Bettencourtt (the wife). The wife then filed a rule to increase the alimony and child support.
When the hearing concluded the trial judge said:
"Based on the testimony of the parties, the Court finds that Mrs. Bettencourtt is no longer entitled to receive alimony from Mr. Bettencourttthat is eliminated right now.
The Court finds that Mr. Bettencourtt is able to pay and that the children need the sum of $400.00 a month per child and that is the award of the Court."
The husband brings this appeal contending the trial judge erred because $800.00 per month child support was beyond the ability of the husband to pay and more than the children were shown to need for their support.
Trial judges have wide discretion in setting alimony and child support payments and his award will not be disturbed unless there is a clear abuse of discretion. Youngblood v. Youngblood, 329 So.2d 896 (La.App. 2nd Cir. 1976) and the cases cited therein. We find no abuse of that discretion here.
At the time of the hearing the wife was earning $650.00 per month gross from her recently acquired employment. On direct examination the husband testified he was a plant operator grossing $1,725.00 per month with a net of $1,515.00. On cross examination, it was shown his gross earnings were $25,032.00 and his net earnings were $23,930.00. The husband's monthly expense sheet filed in evidence by him showed expenses of $1,697.00 per month of which $800.00 was for the support of his family under the court order issued prior to the one here on appeal. The validity of some of the listed expenses were seriously challenged during the hearing. Considering the husband's income and his expenses, the $800.00 child support fixed by the court is less than fifty percent of the husband's income rather than in excess of 50% as contended by the defendant and, as stated by the trial judge, the husband could afford to pay $800.00 per month.
The expense schedule submitted in evidence by the wife showed total expenses of $1,511.00. Of this sum a total of $340 (clothing $40.00, doctor $30.00, lunch $30.00, babysitting $240.00) were expenses directly attributable to the children and $110.00 were expenses directly attributable to the wife, leaving a balance of $1,050.00 attributable to the wife and two children. Under the circumstances of this case, dividing the same in half is fair. Thus, the expenses attributable to the children would be $865.00 ($340.00 plus $525.00) or $432.50 per child. Under these circumstances, a court award of $400.00 per child seems fair and equitable to us.
The occurrence which necessitated an increase in the child support award is the change in the earnings and expenses of the parties. In order to earn income and thus absolve the husband of paying alimony pendente lite for the support of his wife, the wife was required to employ people to care for the children while she worked. Thus, when the wife's need for alimony pendente lite was eliminated, the children's need for a greater amount for their support was increased because the care given to the children by the wife was now assigned to a third party. While the wife does not have to be compensated for that care, the third party does. Accordingly, the judgment of the lower court is affirmed. All costs of appeal to be borne by the husband.
AFFIRMED.