408 So.2d 449 (1981)
Rayford Earl DUNCAN
v.
Patricia Warner DUNCAN.
No. 14514.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*450 M. Reggie Simmons, Franklinton, for plaintiff.
R. Bradley Lewis, of The Law Firm of Talley, Anthony, Hughes & Knight, Bogalusa, for defendant.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
Patricia W. Duncan, defendant-appellant, appeals the judgment of the trial court dismissing her demands for permanent alimony and attorney fees and denying her an increase in child support. Appellant's demands were incidental to a divorce action. The trial court granted a divorce judgment in favor of Rayford Earl Duncan, plaintiff-appellee, based on the parties living separate and apart for more than one year after the rendition of a judgment of separation on the ground of mutual fault.
Appellant contends the trial court erred in holding that proof of a separation based on mutual fault was sufficient ground for denying the wife alimony after divorce when no proof of fault was introduced on the trial of the divorce action. Appellant argues that the case of Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La. 1978) has changed prior jurisprudence barring the relitigation of the issue of fault in a divorce action based on nonreconciliation after separation. See Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
In Welch, supra, the Supreme Court held that "collateral estoppel", a device which precludes the relitigation of issues actually decided in a prior suit between the parties on a different cause of action, is a doctrine of issue preclusion alien to Louisiana law. Appellant therefore argues that because the cause of action and the thing demanded in a divorce proceeding are different from the cause of action and the thing demanded in a separation suit, res judicata under Louisiana law[1] does not apply and that, in absence of proof of fault in the divorce proceeding, she is entitled to permanent alimony. Appellant's reasoning is that since the holding in Fulmer, supra, is not based on res judicata and that since Welch, supra, "clearly stated that collateral estoppel and all other forms of preclusion issue devices other than res judicata as limited by Article 2286 do not exist in Louisiana, it is clear that the decision in Fulmer is no longer valid."
However, the facts of this case are controlled by Civil Code Article 141, which provides:
"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce." (Underscoring ours).
Appellant argues in brief the unconstitutionality of La.C.C. art. 141. The question *451 of whether the Civil Code Article is unconstitutional is not properly before this court since it is a well-established rule that a litigant who fails to specially plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue for the first time in the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Thornhill v. Black, Sivalls & Bryson, Inc., 391 So.2d 1256 (La.App. 1st Cir. 1980).
The trial court was correct in its ruling.
Appellant next contends the trial judge abused his discretion in ordering Mr. Duncan to pay $59.82 per week in child support instead of the requested $150.00 per week. It is argued that the trial judge did not require Mr. Duncan to support the minor child in the same manner he would be supported if he was living with his father. Ducote v. Ducote, 339 So.2d 835 (La.1976). The trial court's award of child support is in the same amount which was granted in the judgment of separation.
Louisiana Civil Code Article 231 provides, as follows:
"Art. 231. Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."
Although Mrs. Duncan did show the court the financial status of Mr. Duncan, she did not bear the burden of proving that the child was in actual need of more monetary support. The only evidence introduced in support of her demand was an affidavit of the child's expenses prepared by Mrs. Duncan. The trial court apparently rejected the affidavit, which appears inflated and exaggerated in some areas.
The trial judge has great discretion in determining the amount of child support. Ducote, supra; Ward v. Ward, 339 So.2d 839 (La.1976). From the record before us, the trial judge did not abuse his discretion in dismissing Mrs. Duncan's unsubstantiated claim for an increase in child support. Further, there was no evidence presented to show that the child is subjected to a lower standard of living than that which would be afforded him had he been living with his father.
We find no merit in this assignment of error.
Finally, appellant contends that the trial court erred in not allowing her attorney fees in connection with a rule for contempt and arrearages. The rule for contempt was based on Mr. Duncan's allegedly unreasonable refusal to sign insurance forms and allegedly causing his hospitalization insurance carrier not to pay the medical bills of his wife and child in violation of a court order.
La.R.S. 9:305 provides, as follows:
"When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney fees and court costs to the prevailing party."
Testimony of Mr. Duncan indicates that he did sign the insurance forms in question, (although he was possibly a little late in doing so) and that he did everything possible to keep his insurance in effect, but was unable to do so since the insurance company does not cover the separated spouse.
The trial judge ordered Mr. Duncan to pay any previous medical bills due and owing, and more particularly, $160.00 to appellant herein.
Under the pertinent circumstances of this case, the trial court did not abuse its discretion in not granting attorney fees in connection with the rule for contempt since "good cause" was clearly shown. La.R.S. 9:305.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Louisiana Civil Code Article 2286 provides:

"Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."