413 So.2d 1341 (1982)
Josephine N. NELMS
v.
Leonard H. NELMS.
No. 14754.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Writ Denied June 4, 1982.
*1342 Sylvia Roberts, Baton Rouge, for plaintiff-appellant Josephine N. Nelms.
John Lenfant, IV, Baton Rouge, for defendant-appellee Leonard H. Nelms.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
SHORTESS, Judge.
Leonard and Josephine Nelms were married on March 21, 1970. One child was born of the marriage, Jennifer W. Nelms. Plaintiff (Josephine Nelms) obtained a divorce on April 12, 1979, and was awarded permanent custody of Jennifer. Defendant (Leonard Nelms) was ordered to pay $275.00 per month child support and $200.00 per month permanent alimony.
Plaintiff subsequently filed a rule to increase permanent alimony and child support. Defendant responded by filing a rule to reduce or terminate alimony. A hearing on both rules was held on February 5, 1981. The trial court decided that permanent alimony should be terminated, but that child support should remain at $275.00 per month. From this judgment, dated April 7, 1981, plaintiff appeals.
The trial court found that the appellant had not shown a substantial change in circumstances, so as to warrant an increase in child support. The trial judge is given wide discretion in determining the amount of child support appropriate in any case. Ducote v. Ducote, 339 So.2d 835 (La.1976); Duncan v. Duncan, 408 So.2d 449 (La.App. 1st Cir. 1981). The judgment of the trial court will not be set aside unless a clear abuse of discretion is shown. Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App. 4th Cir. 1981); Hord v. Hord, 407 So.2d 1314 (La.App. 3d Cir. 1981); Shanklin v. Shanklin, 339 So.2d 1262 (La.App. 1st Cir. 1976).
The party seeking a modification of the child support award must show a change in the circumstances since the original award. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3d Cir. 1980) writ denied, 383 So.2d 782; Lucien v. Lucien, 378 So.2d 518 (La.App. 4th Cir. 1979). It must be shown that the child is actually in need of more monetary support. Duncan, supra, at 451. Article 227 provides in pertinent part:
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
Children are to be maintained at the same standard of living, which would be provided for them if they were living with the non-custodial parent.
If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Ducote, supra, 339 So.2d at 838 and the authorities cited therein.
The amount of child support is determined by the wants of the child and the circumstances of the parent who is to pay. La.C. C.Arts. 227, 231. Therefore, in making a determination of child support, the trial court must consider the totality of all pertinent circumstances. Marcus v. Burnett, 282 So.2d 122 (La.1973); Prudhomme, supra; Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir. 1980); LaBalle v. LaBalle, 352 So.2d 330 (La.App. 4th Cir. 1977).
Plaintiff offered into the record documented evidence to support her itemized list of Jennifer's current expenses. The amount of increase between these present expenses and Jennifer's expenses in 1979 is approximately $564.81 per month.
After the original award of child support was made, plaintiff was advised that the amount of household expenses attributable to Jennifer's use could be properly allocated as child support expenses. These items were for the first time included in the list of Jennifer's expenses offered into evidence at the hearing on the rule to increase. The itemized list containing plaintiff's personal expenses reveals for each item reallocated *1343 to Jennifer, a corresponding reduction in plaintiff's expenses. Appellant explained at trial that part of the significant increase resulted from this reallocation.
The trial judge denied the rule and stated in his written reasons that:
It is obvious that Mrs. Nelms has allocated certain expenses to her child for purposes of this rule. These expenses were not so allocated in the 1979 rule. The change is in the allocation; the dollar amounts do not substantially vary.
No increase in child support will be granted for failure to show a substantial change in circumstances.
We disagree.
That portion of the household expenses which can be attributed to the children's use is a proper item to be considered in determining child support. See: Moss, supra, at 1208; Gaidry v. Gaidry, 380 So.2d 644 (La.App. 1st Cir. 1979); Poydras v. Poydras, 155 So.2d 221 (La.App. 1st Cir. 1963). In the original determination of child support, no consideration was given to expenses for phone, housing, house repairs and maintenance, car insurance, or car maintenance, items totalling approximately $246.45. Jennifer resides with her mother and therefore shares in the use of the household facilities. Plaintiff is responsible for most of Jennifer's transportation, especially her after-school activities. We feel that the trial court was clearly wrong in refusing to consider these legitimate expenses in its determination on the rule to increase. Although some of the amounts for housing and car care may be inflated, we feel that these expenses were a proper basis for determining whether an increase in child support was in order.
Defendant no longer carries Jennifer on his health insurance policy and the plaintiff has taken out a student policy with Blue Cross at $48.75 per month.
The trial court held that La. Civil Code art. 160 mandated the termination of permanent alimony. Since the original award, plaintiff obtained part-time employment, and the trial court found that she was capable of full-time employment. Also, the plaintiff owns several shares of stock in a family corporation which are income-producing, and has jewelry appraised at $30,000.00. Although plaintiff has significant debts, her income has increased since 1979. Defendant is in a similar financial condition with respect to monthly income and expenditures. This evidence convinces us that the trial court was within its discretion in terminating permanent alimony. However, this determination further supports our decision to increase the amount of child support. Plaintiff will not be receiving alimony payments and will be forced to obtain full-time employment. The extra cost of full-time child care forms another appropriate basis for raising child support. Reasonable child care is a proper expense to be considered in determining child support, especially when the mother is required to work. Bettencourtt, supra; Naughton v. Naughton, 304 So.2d 679 (La. App. 4th Cir. 1974); Paddison v. Paddison, 255 So.2d 504 (La.App. 4th Cir. 1971).
For the foregoing reasons, we conclude that the judgment of the trial court should be amended to increase child support to $450.00 per month. The decision of the trial court to terminate permanent alimony is affirmed. All costs are taxed to defendant-appellee.
AMENDED, AND AFFIRMED AS AMENDED.