REDMANN, Chief Judge.
Plaintiff mother appeals from a judgment that increased defendant father’s child support obligation from $100 to $125 bi-weekly and that denied her attorney’s fees while awarding an arrearage of $6,600. The mother asks a greater increase in support plus attorney’s fees. The father neither appeals nor answers the mother’s appeal. We increase the support award but otherwise affirm.
The $100 amount had been determined in July 1975 and continued in the separation and divorce judgments. The child was about 7 years old in July 1975 because he was 12 as of the November 1980 trial of this matter.
The father earned $30,488.49 in 1978, $28,848.56 in 1979 (when a strike prevented his working from February 4 to April 15), and $8,880 up to November 12, 1980 (when strikes prevented his working most of the year). His latest recorded earnings indicate that for a full work year his earnings would significantly exceed $30,000. In addition the father has had the advantage of the use of the former community’s house (although he of course is paying the monthly mortgage note, about $238).
The mother earns $1,090 monthly, or $13,-080 annually. Thus, even apart from any consideration of her personal services in attending the child, see Gaidry v. Gaidry, 380 So.2d 644 (La.App. 1 Cir. 1979), the mother is not in a position to contribute as much financially to the support of the child as is the father. The child’s financial needs are fairly shown to approximate $600 a month, including $50 for orthodontics and $50 for persons to sit with him when the mother is not available, $400 for the common expenses of the household of his mother and himself and automobile costs, and $100 for his personal costs such as lunch and spending money, clothing, school items, haircuts and the like. Those are about the lowest amounts we can estimate, even disregarding many items the mother claimed as needed.
Considering both that the mother contributes substantially in a non-monetary way and that her disposable income (after providing her own essential needs) is so much less than that of the father (although he has remarried and his wife has no earnings), we conclude that a fair division of the child’s needs would require the father to pay about two thirds. We therefore determine that the bi-weekly child support should be increased to $185.
On the question of attorney’s fees in respect to past due child support, we first observe that the statute providing fees, La. R.S. 9:305, was enacted by Acts 1977 No. *43 462, effective September 9, 1977. Thus no fees are allowable in respect to the arrear-age before that date, for the statute is not retroactive; Almond v. Almond, 357 So.2d 875 (La.App. 1 Cir. 1978), writ denied 359 So.2d 1308.
After the effective date of the 1977 Act, the statute provided that the court “may” award fees, leaving much discretion to the trial court. The arrearages found during the effective period of the 1977 version of the statute only amounted to $600, and the husband disputed that arrearage, testifying that he had paid in cash. Although the trial court held against him on that $600, we cannot find a clear abuse of its discretion in failing to grant fees that it “may” award, under the circumstances.
The statutory wording was changed to “except for good cause, the court shall award” fees by Acts 1979 No. 326, effective September 7, 1979. After that date the husband’s nonpayment occurred while he was not working because of labor strikes, and the trial judge might not unreasonably have found that a “good cause” within the statute.
We therefore conclude that the trial judge acted within his authority in declining to award attorney’s fees.
The mother is entitled to legal interest on past due support payments from their due dates, Weeks v. Weeks, 349 So.2d 1008 (La.App. 2 Cir. 1977).
Finally, because we do increase the amount of support effective as of the trial court’s judgment, resulting in creating an arrearage, we do note that the father produced $1,276 in canceled checks payable to and endorsed by the mother (in addition to another $100 check payable to her and processed by the banks without her endorsement and without a showing of other disposition such as deposit to payee’s account). The mother at first denied receiving child support or any other money from the father during the period of the checks, but then admitted her endorsement of the checks. The trial judge did not explain why he did not give credit for those checks, and the question is only indirectly before us because of our increase’s being effective the date of the trial court’s judgment. We deem it impliedly prohibited by La.C.C.P. 2164, to allow the mother to recover for the arrear-age our judgment will create, without allowing the father a credit for the $1,276 portion of the arrearages awarded but unproven.
Amended to increase bi-weekly support to $185, effective the date of the trial court’s judgment (but with a credit of $1,276 against any arrearage resulting from our retroactive increase of $60 bi-weekly), and to award legal interest on the arrearages from due date until paid, and to cast the father for all costs.