ALFORD, Judge.
Marcia Faye Bonfanti, plaintiff-appellant, and George Michael Bonfanti, defendant-appellee, were divorced on the 14th day of December 1979, in the Family Court for the Parish of East Baton Rouge. The mother was awarded custody of the three minor children and alimony was fixed at $400.00 per month and child support at $600.00 per month.
On April 9, 1981, a rule for increased alimony and child support filed on behalf of Marcia Faye Bonfanti came on for trial. At the same time, a rule to reduce child support filed by Mr. Bonfanti came on for hearing in which Mr. Bonfanti alleged an adverse change in circumstances such that he could no longer pay the $1000.00 per month fixed in December 1979. Mrs. Bon-fanti alleged a change in circumstances in that the expenses for the minor children had increased, that her medical expenses had increased and that as a result, she needed the sum of $4789.00 in combined income, alimony and child support.
After hearing the evidence, the trial court vacated both the rules, thereby reaffirming alimony in the amount of $400.00 and child support in the amount of $600.00. Neither of the judgments signed on April 15, 1981, were appealed.
On June 1, 1982, Marcia Faye Bonfanti, appellant herein, filed a second motion to *83 increase alimony and child support and on June 17, 1982, George Michael Bonfanti, appellee, filed a second motion to terminate alimony and reduce child support. The matter came on for hearing on June 24, 1982.
At the conclusion of appellant’s case, counsel for defendant moved for a directed verdict in defendant’s favor, vacating plaintiff’s rule because of failure to show a change in circumstances. The trial court granted defendant’s motion for a directed verdict. Defendant-in-rule then stipulated that the motion to terminate alimony and reduce child support filed by him be dismissed without prejudice. From this judgment, plaintiff-in-rule appealed.
The lone issue that we must decide here is whether the trial court abused its discretion in finding that appellant failed to prove a substantial change in circumstances by granting defendant-in-rule’s motion for a directed verdict. We think not.
The trial court was asked by Mrs. Bonfanti to increase alimony from $400.00 to $2,000.00 per month and child support from $600.00 to $2250.00 per month. The court found that plaintiff had failed to prove that circumstances had changed significantly enough to warrant any increase in either award. The law is clear that the party seeking the increase bears the burden of proving a change in circumstances. Ducote v. Ducote, 339 So.2d 835 (La.1976); Grand v. Grand, 415 So.2d 431 (La.App. 1st Cir.1982); Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.1982).
The trial record reveals that there was an increase in Mrs. Bonfanti’s income since her last court appearance and there had been no significant change in expenses. There was no proof of any significant change in Mr. Bonfanti’s ability to pay.
Mrs. Bonfanti argues that appellee should be required to sell investments to enable him to pay additional support. She cites Champagne v. Champagne, 399 So.2d 718 (La.App. 1st Cir.1981), writ denied 401 So.2d 992 (La.1981), for that proposition. The ruling in that case cannot be applied to the facts of this case.
A trial court has much discretion regarding alimony and child support and its judgment in such matters will not be disturbed in the absence of a clear showing of abuse of that discretion. Ducote, 339 So.2d at 835. There has been no showing of any abuse by the trial court in any respect.
For the reasons enumerated, it is our opinion that the judgment of the trial court should be affirmed. The costs of this appeal are to be borne by appellant, Marcia Faye Bonfanti.
AFFIRMED.