430 So.2d 759 (1983)
Beverly Bergeron DUFRENE
v.
James T. DUFRENE.
No. 82-CA-156.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*760 Don Almerico and Jerome A. Kunkel, Norco, for James T. Dufrene defendant-appellant.
Leon C. Vial, III, Hahnville, for Beverly Bergeron Dufrene plaintiff-appellee.
Before BOUTALL, CHEHARDY and GRISBAUM, JJ.
BOUTALL, Judge.
This case arises from a rule to increase child support. From a judgment in the mother's favor the father has taken this appeal.
Beverly Bergeron Dufrene and James T. Dufrene were divorced on August 13, 1980. The judgment awarded permanent custody of the couple's minor daughter and son to the wife and condemned the husband to pay child support of $500 per month. On June 2, 1982, Mrs. Dufrene filed a rule for an increase in child support.[1] Mr. Dufrene then filed a rule to decrease support.
Judgment was rendered August 20, 1982, increasing child support to $750 per month. This appeal followed. We decrease the amount.
*761 No written reasons for judgment were provided. The issue before us is whether the trial judge's award was justified by the record or whether it was an abuse of the court's discretion in setting child support.
At the time of trial the two children were fourteen and fifteen years old and were in high school. Mrs. Dufrene had been employed steadily for nine months, earning $4.50 per hour, averaging $95 to $120 net earnings per week. She had not been employed at the time of the divorce decree. The gist of Mr. Dufrene's complaint is that he is in fact supporting his ex-wife in the guise of child support when she has an income of her own and was not awarded alimony; further that a decrease in child support is indicated, as Mrs. Dufrene's employment has increased her income.
The jurisprudence in Louisiana is well settled that a parent seeking an adjustment in a child support award has the burden of proving a change in the financial situation of himself or the other parent. Howell v. Howell, 391 So.2d 1304 (La. App.4th Cir.1980); Reavill v. Reavill, 370 So.2d 175 (La.App.3rd Cir.1979). However, a change in circumstances resulting from inflation alone is insufficient to justify a change in support, as inflation affects the financial condition of both parents. Ducote v. Ducote, 339 So.2d 835 (La.1976), and cases cited therein.
Louisiana Civil Code article 227 provides that both parents have a duty to support, maintain, and educate their children, while article 231 provides that support is to be based on both the child's need and "the circumstances of those who are to pay it." In fixing child support much discretion rests with the trial judge, and his determination is only changed on appeal when it is apparent that he abused his discretion or was manifestly erroneous. Reavill v. Reavill, supra, and cases cited therein.
We first consider whether or not Mrs. Dufrene carried her burden of proof as to an increase in her needs related to supporting the children. Her petition states only that "... $500.00 per month is inadequate for the needs of the minors." She introduced into evidence a compilation of monthly expenses which total $890.75. If $100.00 "for starting school," presumably books, supplies, and fees, is prorated over twelve months, the total is $799.09. The trial transcript is extremely brief and neither side elicited detailed information regarding specific items of expense.
The appellant attacks Mrs. Dufrene's expense list on two grounds. He asserts that the list includes items for Mrs. Dufrene's benefit as well as the children's, i.e. food, utilities, house note, insurance, telephone, auto insurance and gasoline, and that these items should be discounted. His other complaint is that Mrs. Dufrene failed to show any rise in the children's expenses other than those resulting from inflation. The testimony as to both issues was meager, to say the very least.
The difficulty of apportioning household expenses between custodial parent and child with any degree of precision has been noted in the jurisprudence. Fall v. Fontenot, 307 So.2d 779 (La.App.3rd Cir.1975); Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App.4th Cir.1981); Coulon v. Coulon, 389 So.2d 78 (La.App.4th Cir.1980).
In Shanklin v. Shanklin, 339 So.2d 1262 (La.App.1st Cir.1976), cited by the appellant, the court said of the wife's overlapping expenses, at 1263:
"... some of the itemizations (food and clothing) included expenses of appellant as well as the children. Since appellant is not entitled to alimony her own expenses are properly disregarded in determining the husband's obligation of support."
This case has not been interpreted to mean, as appellant would have it, that the items of food and clothing should be stricken entirely. In Laballe v. Laballe, 352 So.2d 330 (La.App.4th Cir.1977) the court accepted testimony as to the per child share of food, utilities, and shelter, citing Shanklin, supra, as authority. We agree with the court in Nelms v. Nelms, 413 So.2d 1341, 1342 (La. App.1st Cir.1982), which said at 1343:
"... That portion of the household expenses which can be attributed to the *762 children's use is a proper item to be considered in determining child support...." (Cases omitted)
Accordingly, we shall attribute to the children two-thirds of the expenses for the house note, utilities, insurance, telephone, and automobile, and deduct one-third, or $141.46, attributable to Mrs. Dufrene, resulting in total children's expenses of $658.63, the amount we perceive to be the maximum amount awardable.
As stated earlier, the party seeking an increase may not base his plea on changed expenses that are due to inflation alone. Ducote, supra. In Duplantis v. Monteaux, 412 So.2d 215 (La.App.3rd Cir.1982) the court increased support for two children when the wife testified that their entry into grade school had increased such expenses as transportation and clothing. In Hyams v. Hyams, 365 So.2d 527 (La.App.3rd Cir.1978) the court acknowledged that:
"The needs and wants of a teenage girl just beginning high school are necessarily greater and more costly than the needs of a girl of twelve...." Id. at 529.
While the testimony is sparse, we believe that the court reasonably concluded that the Dufrene children's expenses have increased because of their age, as in the cases cited above.
In regard to the parents' mutual obligation to support their children, Mr. Dufrene argues that because Mrs. Dufrene is employed, she should be required to pay her share. The appellee's position is that she maintains a home for the children and should not be expected to pay a disproportionate share of the children's expenses in addition to her own.
As to Mrs. Dufrene's wages, she testified that the largest check she had received was one of $150, which included overtime. Her checks for the four weeks preceding trial were for the amounts of $100, $105, $95, and $139, a total of $439. She testified that she did not always work a forty-hour week and overtime was rarely available. At the time of trial Mr. Dufrene was employed by Monsanto and had been so for seventeen years. He testified that his income tax return for 1981 reported a gross income of $36,000. No further questions were asked regarding his income or expenses.
Where both parents have been employed, the courts have taken into account their comparative salaries and responsibilities. Further, the courts have recognized that the day to day maintenance provided by the custodial parent, which cannot necessarily be measured, is a substantial contribution to support. Ducote v. Ducote, supra. See also Chaffee v. Chaffee, 398 So.2d 1169 (La.App.2nd Cir.1981). In the recent case of Pittman v. Pittman, 418 So.2d 23 (La.App.1st Cir.1982), where the husband's salary was nearly four times that of the wife, the court found that the wife's "meager financial support" plus her services in caring daily for her three children fulfilled her obligation. In Neel v. Neel, 365 So.2d 34, 35 (La.App.4th Cir.1978) where the mother had custody and earned $489 monthly, while the husband earned $1,100, the court affirmed a child support award of $400 per month and held, at 35:
"... The cited law does not require us to total the child's financial needs and divide the financial obligations equally between the working parents. The mother's income is considerably lower than that of her husband and her responsibility for the day-to-day care and maintenance contributed by her physical presence and efforts greatly exceeds that of appellant."
See also Silas v. Silas, 399 So.2d 779 (La. App. 3rd Cir.1981); Hyams v. Hyams, supra. In Wigginton v. Wigginton, 418 So.2d 41 (La.App. 4th Cir.1982) where the husband's income was $30,000 per year and the wife earned $13,000, the court used a ratio condemning the husband to pay two-thirds of the child's expenses. As there is a large disparity between the reported earnings of Beverly Dufrene and James Dufrene and as Mrs. Dufrene provides daily care and maintenance, we find that she is entitled to bear a lesser share of financial support than that of the children's father.
*763 The appellant, in his rule to decrease child support alleged changes in circumstances entitling him to a reduction in support, but offered no proof of such changes at trial. Although he states in his brief that Mrs. Dufrene's employment entitles him to a reduction of the original award, we find no convincing evidence that she can provide for herself and the children with any less support than before. Further, he does not allege in the brief that his income has decreased or that the increased support is beyond his means.
Accordingly, we affirm the judgment insofar as it grants increasing child support payments to Mrs. Dufrene but decrease the award to $658.00 in order to take into account her share of house and automobile expenses, and as so amended, we affirm.
AMENDED AND AFFIRMED.
NOTES
[1] The plaintiff's motion also sought a ruling to set dates for payment of child support and for the father's visitation; however, those items are not at issue here.