EDWARDS, Judge.
When Mr. and Mrs. Feinhals were divorced, Mrs. Feinhals was awarded custody of the couple’s three minor children.[1] The trial court denied Mrs. Feinhals’ request for alimony but awarded her $1,050 per month as child support. She appealed, seeking to have the award increased to $2,250. Mr. Feinhals answered, seeking a reduction of the award. We affirm.
The trial court has wide discretion in setting the amount of child support and the award will not be set aside absent an abuse of discretion. Ducote v. Ducote, 339 So.2d 835, 839 (La.1976); Nelms v. Nelms, 413 So.2d 1341, 1342 (La.App. 1st Cir.), writ denied, 415 So.2d 944 (La.1982). Parents are obligated to support, maintain and educate their children. LSA-C.C. art. 227. In the case of separation or divorce, “[c]hil-dren are to be maintained at the same standard of living ... [as] if they were living with the noncustodial parent.” Nelms v. Nelms, 413 So.2d at 1342. In determining the amount of child support, the trial court must consider all pertinent circumstances, the needs of the children and the ability of the parent to pay. Ducote v. Ducote, 339 So.2d at 838; Marcus v. Burnett, 282 So.2d 122, 124 (La.1973); Nelms v. Nelms, 413 So.2d at 1342 (citations omitted).
*15 Considering all of the circumstances, we find no abuse of discretion in the trial judge’s award. The record shows that the Feinhals family enjoyed a high standard of living. The family home in Coving-ton contained approximately 3500 square feet, the house payment was approximately $1500 per month, and after the separation, the house was listed for sale at $385,000. The children attended Catholic schools and summer camps.
When Mrs. Feinhals’ temporary job in Mandeville ended, she was unable to find other employment in the area. Consequently she took a job in Dallas with an annual salary of $15,000, and at the time of trial was making plans to move to Dallas with the children. Thus her projections for the children’s expenses could not be made with as much certainty as if she had remained in Covington.
Moreover, the court must consider the father’s ability to pay as well as the children’s needs. Mr. Feinhals testified that the family had lived largely on loans from his family’s corporation and returns on his capital investments in that corporation. Mrs. Feinhals corroborated his testimony that he had great difficulty in getting the most recent loans from the corporation, thus lending credence to his statement that he is $30,000 over his loan limit and will be unable to obtain further loans from the corporation. On the other hand, Mr. Fein-hals still retains his interest in this corporation, which owns immovable property with a net value of $240,000. Mr. Feinhals and his mother are the only shareholders, yet the record does not establish his percentage of ownership.
Although Mr. Feinhals apparently spent a good deal of time working for his family corporation, he never received a salary, and during the twenty year marriage he was not otherwise employed except as a kitchen cabinet salesman. At the time of trial he was earning $67 to $139 per month from commissions on kitchen cabinets sales. Nevertheless, Mr. Feinhals had completed a college degree in biology education at about the time the couple separated, but decided not to pursue a teaching career because he believed a teacher’s salary, in the neighborhood of $15,000 per year, was inadequate. Furthermore, at the time of trial, he had just been licensed as a real estate agent and intended to begin actively soliciting real estate listings as of August 1983.
In awarding child support it is proper for the court to consider that a parent could find a higher paying job if he desired. Guinn v. Guinn, 405 So.2d 620, 621 (La.App. 3rd Cir.1981). Furthermore, a parent will not be relieved of his primary obligation to his children because of an unstable financial condition he brings upon himself. Laiche v. Laiche, 237 La. 298, 111 So.2d 120, 121 (1959); Durbin v. Durbin, 424 So.2d 1130, 1132 (La.App. 1st Cir.1982) (citations omitted). Thus, Mr. Feinhals may not avoid or lessen his obligation to his children merely by refusing gainful employment. The trial court concluded, and we agree, that Mr. Feinhals has the means to support the children.
At the time of trial, Mr. Feinhals had been making the entire $1500 a month house payment on the family home. In addition to the child support award, the judgment further ordered Mrs. Feinhals to reimburse Mr. Feinhals for one-half of the house payments, such reimbursements to be due when the house is sold. Mrs. Fein-hals argues that this reimbursement effectively reduces the monthly child support to $300, which she contends is grossly inadequate.
We do not agree that Mrs. Feinhals’ obligation to reimburse half of the house payment operates as a setoff to the child support award. Once the couple was judicially separated, the community terminated and each party became an owner in indivisión of one-half of the former community property. Dhuet v. Taylor, 383 So.2d 1061, 1062 (La.App. 1st Cir.1980) Therefore, Mrs. Feinhals is responsible for half of the house payments on the property she owns in indivisión with Mr. Feinhals. Her discharge of that obligation by reimbursing him when the house is sold in no way *16 decreases the amount of child support he is ordered to pay.
Accordingly, the trial court judgment is affirmed, each party to pay his own costs.
AFFIRMED.

. One of the couple’s four children had reached majority before the separation and thus the determination of child support concerned only the three children who were still minors at that time.