ALFORD, Judge.
This is an appeal from a judgment on a rule for child support ordering defendant-appellant, Raymond Allen, to pay sixty dollars ($60.00) per week to plaintiff-appellee, Jacqueline Allen, for the support of their minor child, Caezara Lynette Allen. The parties stipulated that Mrs. Allen was to have custody of the child with visitation privileges reserved in favor of Mr. Allen.
We are aware of the great discretion afforded trial courts in fixing child support awards. Ducote v. Ducote, 339 So.2d 835 (La.1976). However, as noted in Nelms v. Nelms, 413 So.2d 1341, 1342 (La. App. 1st Cir.1982), writ denied, 415 So.2d 944 (La.1982),
The amount of child support is determined by the wants of the child and the circumstances of the parent who is to pay. La.C.C. Arts. 227,231. Therefore, in making a determination of child support, the trial court must consider the totality of all pertinent circumstances. Marcus v. Burnett, 282 So.2d 122 (La. 1973); Prudhomme,[1] supra; Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir. 1980); LaBalle v. LaBalle, 352 So.2d 330 (La.App. 4th Cir.1977).
After a thorough review and evaluation of the record, we are convinced that the trial court abused its much discretion in this matter.
The most pertinent circumstance in our opinion is the fact that at the time this rule was heard, Mrs. Allen was employed while Mr. Allen was not. The evidence presented shows that Mr. Allen is a painter whose last contract job ended prior to the instant rule. Mr. Allen had been earning approximately $1,000.00 per month net for the preceding year, however, without any future contracts, he could project a monthly income of only $500.00 for the next year. Mrs. Allen, on the other hand, has a net monthly income of $708.82.
Another pertinent circumstance in this case is the fact that Mrs. Allen was not actually incurring the rent and utilities expenses she listed. She testified that she was living with a relative but looking for an apartment. The estimates she gave as to these items were expenses she expected to incur at a future date.
We are of the opinion that the judgment of the trial court is excessive to the point of being an abuse of discretion. In accordance with the view expressed herein, we reduce the child support award to thirty dollars ($30.00) per week, to be paid under the schedule as set out by the trial court. In all other respects, the judgment of the trial court is affirmed. We note, however, that should the circumstances of these parties change in the future, this award is subject to modification.
AFFIRMED AS REDUCED.

. Prudhomme V. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782.