CRAIN, Judge.
This is an appeal from a judgment of the East Baton Rouge Family Court which denied an increase in child support.
Marcia Faye Bonfanti (appellant) and George Michael Bonfanti (appellee) were divorced on December 14, 1979, in the Family Court of East Baton Rouge Parish. Appellant was awarded custody of the three minor children. Alimony was fixed at $400 per month and child support at $600 per month.
In April of 1981, appellant filed a rule to increase alimony and child support. At the same time, appellee filed a rule to reduce child support alleging an adverse change in circumstances. Both claims for change were denied by the trial court. Neither judgment was appealed.
In June of 1982, appellant filed a second rule to increase alimony and child support. Also in June of 1982, appellee filed his second rule to reduce child support and & rule to terminate alimony. After a hearing on June 24, 1982, the trial court rejected appellant’s rule because of a failure to show a change in circumstances. Appellee then stipulated that his motion to reduce *1044 child support and terminate alimony be dismissed without prejudice. Appellant appealed from this judgment alleging the trial court erred in not finding that appellant had proven a substantial change in circumstances. In Bonfanti v. Bonfanti, 431 So.2d 82 (La.App. 1st Cir.1983), we affirmed the judgment of the trial court noting that appellant’s income had increased since her last court appearance while there had been no significant change in her expenses. Also, there was no significant change in appellee’s ability to pay.
On March 2, 1983, both parties filed a joint motion stipulating that the $1000 per month received by appellant was solely for child support. This stipulation was effective January 1, 1982.
In July of 1983, appellee filed a petition to enroll the children in private school, for a reduction in child support and for joint custody. Appellant then filed her third rule to increase child support, a rule to obtain medical reimbursement and an order compelling appellee to pay all future medical expenses of the children. Appellant also opposed the request for joint custody.
Trial on the merits was held on October 25 and 27, 1983, and February 22 and 23, 1984. The Family Court rendered a judgment on July 18, 1984 which dismissed appellant’s rule to increase child support, denied appellee’s request for joint custody, issued a detailed visitation schedule and reduced appellee’s child support obligation to $800 per month for the two summer months that he had a two week visitation period. It is from this judgment of the Family Court that appellant appeals.
The sole issue to be determined in this appeal is whether the Family Court erred in failing to grant appellant an increase in child support.[1]
The trial court has much discretion regarding alimony and child support and its judgment in such matters will not be disturbed in the absence of a clear showing of abuse of that discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Considering all of the circumstances, we find no abuse- of discretion in the Family Court’s refusal to increase child support. The record reflects that appellant’s total monthly income, including the $1,000 for child support, is $4,445. Appellant offered into the record documented evidence to support her itemized list of expenses relating to the three children. These present expenses reflect an increase in monthly expenses of approximately $1,652 over a five month period beginning March 2, 1983, the date of the last change in child support. This increase is allegedly justified by attributing 75% of all household expenses to the children, an additional loan obtained to purchase a new car and to repay an existing loan, and all of the attorney fees incurred as a result of this litigation averaging $773 per month.
Our review of the record convinces us that appellant’s total monthly income with child support is sufficient to pay for the expenses incurred on behalf of these children. Accordingly, we find no abuse of discretion in the Family Court conclusion that appellant has failed, at this point in time, to show a substantial change in circumstances sufficient to warrant an increase in child support.[2]
Appellant requests that if child support is not increased, we remand this case for additions to the record arguing she was *1045 denied sufficient discovery of appellee’s financial records. It is not appellee’s lack of income that is the deciding factor in denying the increase in child support, but the sufficiency of appellant’s income, including child support, to meet the needs of the children.
For the foregoing reasons the judgment of the Family Court is reversed insofar as it reduced appellee’s child support obligation. The judgment is remanded to the Family Court in order to provide for medical expenses in the judgment. If agreement as to language cannot be reached, the Family Court is ordered to take such evidence as is necessary to render judgment in this respect. In all other respects, the Family Court judgment is affirmed. Each party is to pay his or her own costs.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

. Appellee has reaffirmed his position that he abandoned his rule to reduce child support. Consequently, this portion of the judgment will be reversed accordingly. Also, appellee has agreed to the amendment of the judgment to provide that he pay the medical expenses of the children. Accordingly we need not address this portion of the judgment.

. We specifically note the jurisprudential rule that children under the custody of their mother and not living with their father, are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Garcia v. Garcia, 438 So.2d 256 (La.App. 4th Cir.1983). However, appellant has failed to show that these children residing with her are subject to a lower standard of living than that which would be afforded them living with their father.