ALFORD, Judge.
Judie C. Wright Boxhill and William H. Wright, III were divorced in 1981. Mrs. Boxhill had custody of the three children of the marriage, William Heard Wright, IV, Raymond Bryan Wright and Jonathan Bradley Wright until 1986, when custody of William Heard was transferred to Mr. Wright. At that time Mr. Wright’s child support obligation was reduced to $1,800.00 per month plus the payment of private school tuition and fees, and all medical and dental expenses. In 1988, Mr. Wright sought a reduction of these obligations claiming changes in circumstances, consisting of increased expenses for William Heard who was placed in Menninger Clinic in Kansas and a decreased ability to pay child support. The trial court rendered judgment reducing child support to $1,500.00 per month plus maintenance of the existing health insurance plan; the obligations to pay private school expenses and medical and dental expenses not covered by insurance were eliminated. Mrs. Boxhill appeals from this judgment. We affirm.
The trial judge is vested with considerable discretion in fixing the amount of child support and the award will not be set aside absent an abuse of that discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976); Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.), writ denied, 415 So.2d 944 (La.1982); Feinhals v. Feinhals, 460 So.2d 13 (La.App. 1st Cir.1984); Bonfanti v. Bonfanti, 471 So.2d 1042 (La.App. 1st Cir.1985), writ denied, 481 So.2d 633 (La.1986). The evidence was uncontradicted that Mr. Wright has suffered a reduction in income, both in income producing assets and in salary. Assets previously providing Mr. Wright with a profit of approximately $5,000.00 per month were lost when he went bankrupt in February of 1988. Mr. Wright’s salary was reduced from approximately $133,-000.00 to approximately $63,000.00. Consequently, he is no longer able to provide his children with the affluent lifestyle they previously enjoyed. In his reasons for judgment, the trial court noted:
It is obvious to the court that both parties are unrealistic in their expectations. Petitioner [Mr. Wright] has been wheeling down the road to bankruptcy for some time. Defendant [Mrs. Boxhill] has attempted to maintain an impossible living standard for Jonathan and Bryan. She has spent considerably in excess of their reasonable needs, and attributes an unreasonable amount of family expenses to the children.
[[Image here]]
The • only solution is to discount the extravagance and determine the amount of the balance petitioner is able to pay.
Although the trial court found that Mr. Wright paid an average of $3,000.00 per month for William Heard’s care at the Men-ninger Clinic, no testimony was introduced *469 regarding the cost for the child’s care prior to his placement in the clinic. While Mr. Wright has failed to prove an increase in expenses for William Heard, we believe Mr. Wright’s significantly diminished income justifies the reduction of child support. Thus, we are unable to find any abuse of discretion in the judgment of the trial court. The amount of child support awarded is sufficient to cover the reasonable expenses of the children in accordance with the father’s ability to provide. Consequently, the trial court judgment should be affirmed.
For the foregoing reasons, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellant herein.
AFFIRMED.